OPINION
{¶ 1} Walter D. Pyle, plaintiff-appellant, appeals from judgments of the Franklin County Court of Common Pleas, in which the court granted the motion to compel arbitration and to stay or dismiss proceedings filed by Wells Fargo Financial ("Wells Fargo") and Centurion Casualty Company ("Centurion"), defendants-appellees.
 {¶ 2} On June 7, 1999, appellant entered into a loan agreement with Wells Fargo relating to his purchase of a vehicle. At the same time, appellant also executed a credit involuntary unemployment insurance agreement underwritten by Centurion. In August 1999, Wells Fargo purchased a collateral protection insurance policy related to appellant's vehicle and increased appellant's monthly payments accordingly. Appellant alleges he never received copies of any of these documents, was not advised of any of the terms of the various agreements, other than the monthly payment amount, and was never told that he had purchased the unemployment or loan collateral insurance.
 {¶ 3} Shortly after purchasing the vehicle, the vehicle was rendered inoperable as the result of an error made by an oil change company, and appellant was laid off from his job. Appellant allegedly advised Wells Fargo that he would be unable to make payments on the vehicle. Wells Fargo allegedly encouraged appellant to continue to make payments on the vehicle and represented to him that it would not repossess the vehicle if he continued to make payments; however, in late 1999, Wells Fargo repossessed the vehicle from the repair shop and sold the truck at auction in early 2000. Wells Fargo then obtained a deficiency judgment, on which appellant continues to make payments.
 {¶ 4} On January 6, 2003, appellant filed the present action against appellees, alleging claims for misrepresentation, breach of contract, bad faith, violations of the Ohio Consumer Practices Act and the Truth in Lending Act, and civil conspiracy, and seeking declaratory judgment against appellees. On February 14, 2003, appellees filed a motion to compel arbitration and to stay or dismiss proceedings, contending that appellant executed two separate arbitration agreements in conjunction with the loan agreement and the involuntary unemployment agreement. On May 22, 2003, appellees filed a motion to stay discovery. On June 12, 2003, appellees moved for a protective order to prevent discovery, and appellant filed a motion to compel discovery on August 13, 2003.
 {¶ 5} Without a hearing, on November 17, 2003, the trial court granted appellees' motion to compel arbitration. Also on November 17, 2003, by separate decision, the trial court denied as moot appellees' motions to stay discovery and for a protective order and appellant's motion to compel discovery. On December 18, 2003, the trial court filed an entry of dismissal granting the motion to compel arbitration and to stay or dismiss proceedings and dismissing the action subject to arbitration. Appellant appeals both judgments of the trial court, asserting the following assignments of error:
1. The trial court erred by granting defendants' motion to compel arbitration.
2. The trial court erred by granting defendants' motion to compel arbitration without a hearing on the merits.
3. The trial court erred by denying discovery essential to the issue of whether the underlying claims against both defendants were governed by a valid arbitration agreement.
 {¶ 6} We will address appellant's second assignment of error first. Appellant argues in his second assignment of error that the trial court erred when it granted appellees' motion to compel arbitration without a hearing on the merits. We agree. There are four pertinent statutes that relate to the enforcement of arbitration agreements: Section 3 and Section 4 of the Federal Arbitration Act, Sections 1-16, Title 9, U.S. Code ("FAA"), R.C.2711.02, and 2711.03. Section 3 of the FAA and R.C. 2711.02 apply to motions to stay proceedings pending arbitration. Section 4 of the FAA and R.C. 2711.03 apply to motions to compel arbitration.
 {¶ 7} R.C. 2711.02(B) provides:
If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.
 {¶ 8} Similarly, Section 3 of the FAA provides:
If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.
 {¶ 9} R.C. 2711.03(A) provides, in pertinent part:
The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement. * * * The court shall hear the parties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement.
 {¶ 10} R.C. 2711.03(B) provides:
If the making of the arbitration agreement or the failure to perform it is in issue in a petition filed under division (A) of this section, the court shall proceed summarily to the trial of that issue. If no jury trial is demanded as provided in this division, the court shall hear and determine that issue. Except as provided in division (C) of this section, if the issue of the making of the arbitration agreement or the failure to perform it is raised, either party, on or before the return day of the notice of the petition, may demand a jury trial of that issue. Upon the party's demand for a jury trial, the court shall make an order referring the issue to a jury called and impaneled in the manner provided in civil actions. If the jury finds that no agreement in writing for arbitration was made or that there is no default in proceeding under the agreement, the proceeding shall be dismissed. If the jury finds that an agreement for arbitration was made in writing and that there is a default in proceeding under the agreement, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with that agreement.
 {¶ 11} Section 4 of the FAA contains similar provisions as R.C. 2711.03(A) and (B), and provides, in pertinent part:
A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court * * * for an order directing that such arbitration proceed in the manner provided for in such agreement. * * * The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. * * * If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default, * * * the court shall hear and determine such issue. Where such an issue is raised, the party alleged to be in default may * * * demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose. If the jury find[s] that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury find[s] that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof.
 {¶ 12} Although appellees' motion to compel was based upon the FAA, because the Ohio Supreme Court has found that Section 3 of the FAA "closely resembles" R.C. 2711.02, and Section 4 of the FAA and R.C. 2711.03 are "very similar," and the procedural requirements under these statutes are the same, our analysis will discuss such requirements under both the federal and state statutes. See Maestle v. Best Buy Co., 100 Ohio St.3d 330,2003-Ohio-6465, at ¶ 20 ("Maestle I").
 {¶ 13} A party may choose to move for a stay, petition for an order to compel arbitration, or seek both. In the present case, appellees' motion sought both to stay the proceedings pending arbitration and to compel arbitration. With regard to appellees' motion to stay the proceedings pending arbitration, it is clear that the trial court was not required to hold any type of hearing or trial. See id., at ¶ 19-20 (a hearing is not required when a motion to stay is based upon Section 3 of the FAA or R.C.2711.02). Thus, appellant's argument in this respect is without merit.
 {¶ 14} With regard to appellant's contention that the trial court was required to hold a hearing before ruling on appellees' motion to compel arbitration, there are two provisions in Section 4 of the FAA and two substantially identical provisions in R.C.2711.03 that require some type of hearing when a motion to compel arbitration is filed: (1) R.C. 2711.03(A) and the corresponding provision of Section 4 of the FAA, which provide that, after a party files a motion to compel arbitration, the court "shall hear the parties"; and (2) R.C. 2711.03(B) and the corresponding provision of Section 4 of the FAA, which provide that, if the making of the arbitration agreement or the failure to perform it is "in issue," "the court shall proceed summarily to the trial" of that issue. The "shall hear" requirements contained in R.C.2711.03(A) and the corresponding provision of Section 4 of the FAA and the "trial" requirements in R.C. 2711.03(B) and the corresponding provision of Section 4 of the FAA plainly contemplate distinct procedures. We note that many courts have not distinguished between the "shall hear" procedure under R.C.2711.03(A) and the corresponding Section 4 of the FAA and the "trial" procedure under R.C. 2711.03(B) and the corresponding Section 4 of the FAA in addressing whether a "hearing" must be conducted pursuant to a motion to compel arbitration.
 {¶ 15} We will first address R.C. 2711.03(B) and the corresponding provision of Section 4 of the FAA, as we find they unambiguously apply to the present case to require a trial. R.C.2711.03(B) and the corresponding provision of Section 4 of the FAA require a "trial" if "the making of" the arbitration agreement or the failure to perform it is "in issue." When determining whether a trial is necessary under R.C. 2711.03(B) and the corresponding provision of Section 4 of the FAA, the relevant inquiry is whether a party has questioned the validity or enforceability of the arbitration provision and presented sufficient evidence to challenge such. McDonough v. Thompson,
Cuyahoga App. No. 82222, 2003-Ohio-4655, at ¶ 12; Garcia v.Wayne Homes, LLC (Apr. 19, 2002), Clark App. No. 2001 CA 53. R.C. 2711 and the FAA do not set forth the amount of evidence that must be produced to receive a trial under R.C. 2711.03(B) and the corresponding provision of Section 4 of the FAA. However, some courts have addressed the matter as they would a summary judgment exercise, proceeding to trial where the party moving for the jury trial sets forth specific facts demonstrating that a genuine issue of material fact exists regarding the validity or enforceability of the arbitration agreement. See Garcia, supra, citing Cross v. Carnes (1998), 132 Ohio App.3d 157, 166;McDonough, supra, citing Garcia.
 {¶ 16} It is well-established that an unconscionable arbitration provision is inequitable and not enforceable. SeeWilliams v. Aetna Fin. Co. (1998), 83 Ohio St.3d 464, 471-473. Likewise, it is well-established that an adhesive arbitration provision or an arbitration provision that is part of an adhesive contract may be unenforceable and invalid. Id. An unconscionable contract clause is one where there is the absence of meaningful choice for the contracting parties, coupled with draconian contract terms unreasonably favorable to one party. Collins v.Click Camera Video, Inc. (1993), 86 Ohio App.3d 826, 834. Similarly, an adhesion contract exists when a party with little or no bargaining power is required to submit to terms to which he has no realistic choice. See Nottingdale Homeowners' Assn., Inc.v. Darby (1987), 33 Ohio St.3d 32, 37, fn. 7.
 {¶ 17} In the present case, we find that "the making" of the arbitration agreement was sufficiently put "in issue" as to require a trial. In appellant's memorandum contra appellees' motion to compel, appellant specifically argues that the arbitration provision was part of an adhesion contract, was unconscionable, and was inequitable. In addition, the trial court conceded in its decision granting the motion to compel arbitration that appellant argued that the arbitration provision was part of an adhesion contract, was not negotiated, was not discussed, was part of a boilerplate provision he was not permitted to read, and was unconscionable and inequitable. Thus, as appellant asserted the arbitration clause was unconscionable and part of an adhesion contract, he has set forth sufficient facts demonstrating that a genuine issue of material fact exists regarding the validity and enforceability of the arbitration agreement. See McDonough, supra, at ¶ 12 ("the making of" the arbitration agreement is in issue when the party questions the validity or enforceability of arbitration provision); Garcia,
supra (same); see, also, Williams, supra, at 471-473 (arbitration provision that is unconscionable and part of an adhesive contract may be invalid and unenforceable). Further, appellant has presented sufficient evidence to support his challenge to the validity and enforceability of the arbitration provision. Appellant submitted an affidavit in which he averred that there was no discussion about the arbitration agreement, there was no discussion of methods to resolve disputes, and he was unaware that any of the documents contained an arbitration agreement because he was not given the opportunity to review the terms of the arbitration agreement, not permitted to read any documents, and not given a copy of the arbitration agreement. Therefore, although appellant may not prevail at trial on the above issues, we find his assertions and averments sufficiently put the making of the arbitration agreement "in issue" for purposes of R.C. 2711.03(B) and Section 4 of the FAA so as to require a trial.
 {¶ 18} Because we have found that the making of the arbitration agreement was in issue so as to require a trial, pursuant to R.C. 2711.03(B) and the corresponding provision of Section 4 of the FAA, the issue is moot whether the "shall hear the parties" language in R.C. 2711.03(A) and Section 4 of the FAA required the trial court to first hold a "hearing" to determine if the making of the arbitration agreement was in issue. However, we do note there appears to be some support for the interpretation that the "shall hear the parties" language in R.C.2711.03(A) and Section 4 of the FAA mandates an initial oral hearing in every case. See Eagle v. Fred Martin Motor Co.,157 Ohio App.3d 150, 2004-Ohio-829, at ¶ 19-20 (because R.C.2711.03(A) specifically provides that "the court shall hear the parties," it follows that, pursuant to this plain language, a trial court is explicitly required to hold a "hearing" on a motion to compel arbitration); Miller v. Household RealtyCorp., Cuyahoga App. No. 81968, 2003-Ohio-3359 (Karpinski, J., concurring) (the statutory language "shall hear the parties" mandates the court to conduct a "hearing" to determine the legitimacy of the arbitration clause being challenged); Maestlev. Best Buy Co., Cuyahoga App. No. 79827, 2002-Ohio-3769, at ¶ 32, reversed on other grounds in Maestle I, supra, citingPoling v. Am. Suzuki Motor Corp. (Sept. 13, 2001), Cuyahoga App. No. 78577 (R.C. 2711.03 requires a court to conduct a hearing to determine if there is a legitimate challenge to the validity of the arbitration clause; and, if it so finds, the court is required to proceed to a summary trial on the sole issue of the validity of the arbitration provisions); Dunn v. L MBldg., Inc. (Mar. 25, 1999), Cuyahoga App. No. 75203 (the language "shall hear the parties" requires a "hearing" to determine whether the validity of the arbitration provision is in issue; if it is in issue, the court should proceed summarily to a jury trial on the sole issue of the validity of the arbitration provision); 5A Ohio Jurisprudence 3d (1997) 319, Alternative Dispute Resolution, Section 250 (R.C. 2711.03 provides that "after notice and hearing" a court must issue a order requiring arbitration upon being satisfied that the making of the agreement or the failure to comply with the agreement is not in issue); see, also, Maestle I, supra, at ¶ 3 (implying that the language in R.C. 2711.03(A) stating the court "shall hear the parties" requires a hearing). Nevertheless, we do not decide this issue here.
 {¶ 19} For the reasons delineated above, we find the trial court erred in failing to grant a trial before determining appellees' motion to compel arbitration. Therefore, appellant's second assignment of error is sustained.
 {¶ 20} Appellant argues in his third assignment of error that the trial court erred when it denied discovery essential to the issue of whether the underlying claims against both appellees were governed by a valid arbitration clause. In its November 17, 2003 decision and entry, the trial court found moot appellees' motion to extend initial joint disclosure deadline and to stay discovery, appellees' motion for protective order, and appellant's motion to compel discovery; thus, the court did not address the merits of any of these motions. The trial court based its mootness determination upon its prior decision granting appellees' motion to compel arbitration and to stay proceedings. As we have found that the trial court erred in granting appellees' motion to compel arbitration without a trial, the trial court's ground for finding these discovery motions moot is no longer viable. However, we decline to address the merits of these motions for the first time on appeal. See Glassco v. OhioDept. of Job Family Serv., Franklin App. No. 03AP-871, 2004-Ohio-2168, at ¶ 29. Therefore, upon remand, the trial court must address these motions. Accordingly, appellant's third assignment of error is sustained insofar as the trial court erred in finding the discovery motions moot.
 {¶ 21} Appellant argues in his first assignment of error that the trial court erred when it granted appellees' motion to compel arbitration. As we have determined that the matter must be remanded for a trial on appellees' motion to compel arbitration, we need not address the merits of appellant's first assignment of error. Therefore, appellant's first assignment of error is overruled as moot.
 {¶ 22} Accordingly, appellant's second and third assignments of error are sustained, appellant's first assignment of error is moot, and the judgments of the Franklin County Court of Common Pleas are reversed and this matter is remanded to that court to hold a hearing consistent with the above opinion.
Judgments reversed and cause remanded.
Lazarus, P.J., concurs.
SADLER, J., dissents.