OPINION
{¶ 1} Plaintiffs-appellants, Patricia Cheney, Thomas Cheney, and Barbara Cheney (collectively "appellants"), appeal from the judgment of the Franklin County Court of Common Pleas granting defendant-appellee, Sears, Roebuck and Co.'s ("appellee"), motion to stay proceedings pending arbitration.
 {¶ 2} On July 31, 1989, appellant Patricia Cheney purchased a heating and air conditioning unit ("unit") from appellee. At that time, appellant also purchased a Sears Maintenance Agreement ("maintenance agreement"). Every year, up to and including 2002, appellant purchased a maintenance agreement from appellee. Each maintenance agreement expired by its own terms, which was approximately one year from the purchase date of the maintenance agreement. As the maintenance agreement's expiration date neared, a representative of appellee would call appellant to inquire if she was having any problems with the unit and if she desired to purchase another maintenance agreement. Appellant would discuss the problems that she was experiencing with the unit and ultimately agree to purchase a maintenance agreement. The purchase price of the maintenance agreement was charged to appellant's credit card, and within two weeks, the maintenance agreement was mailed to appellant. Appellant had the option to terminate the maintenance agreement at any time for any reason. If appellant terminated the maintenance agreement within 60 days of its purchase date, appellee would refund the full purchase price. If appellant terminated the maintenance agreement after 60 days of its purchase date, appellee would refund for the remaining days of coverage on a monthly, prorated basis. All of the maintenance agreements contained substantially similar provisions, however, beginning in approximately 1998, the maintenance agreements contained arbitration provisions.
 {¶ 3} Appellant alleges that beginning in 1992, she began experiencing problems with the unit, and although she called appellee on several occasions throughout the time she owned the unit, appellee failed to repair the unit properly. On November 25, 2003, appellants filed a complaint containing seven counts against appellee in the Franklin County Court of Common Pleas. Appellants attached to the original complaint a copy of the 2002 maintenance agreement, which contained an arbitration clause. Appellee timely filed an answer to the original complaint asserting the arbitration provision as an affirmative defense. On April 5, 2004, appellee filed a motion to stay the proceedings pending arbitration. On April 13, 2004, appellants simultaneously filed a memorandum contra to appellee's motion to stay and a motion for leave to file an amended complaint. Appellants' amended complaint was substantially similar to the original complaint, except that appellants attached a copy of the 1997 maintenance agreement, which did not contain an arbitration clause, rather than the 2002 maintenance agreement that was attached to the original complaint.
 {¶ 4} On November 23, 2003, in the same entry, the trial court granted appellants' motion for leave to file the amended complaint and granted appellee's motion to stay the case pending arbitration. It is from this judgment that appellants appeal.
 {¶ 5} On appeal, appellants raise the following two assignments of error:
1. The trial court erred in basing its decision of November 23, 2004, to stay pending arbitration on the provisions of the Maintenance Agreement with termination date of 03/10/2002, because that agreement was no longer a part of plaintiffs' pleadings after the court's entry filed April 26, 2004, permitting plaintiffs to file their FIRST AMENDED COMPLAINT with a Sears Maintenance Agreement attached with termination date of 03/10/1998.
2. Even if the Sears Maintenance Agreement with expiration date of 03/10/2002, was properly before the court, the trial court erred by granting defendants' motion to stay proceedings pending arbitration without giving plaintiffs a jury trial pursuant to R.C. 2711.03(B) on the "making of the arbitration agreement or the failure to perform it."
 {¶ 6} It is well-established that Ohio and federal courts encourage arbitration to settle disputes. ABM Farms, Inc. v. Woods (1998),81 Ohio St.3d 498, citing Kelm v. Kelm (1993), 68 Ohio St.3d 26, 27; andSouthland Corp. v. Keating (1984), 465 U.S. 1, 10, 104 S.Ct. 852. This strong public policy position is further encouraged by the Ohio legislature, as reflected by R.C. 2711.02, which provides that a court shall stay trial proceedings to allow for arbitration when an action is brought upon any issue referable to arbitration. Given both the judicial and legislative predisposition to resolving disputes by arbitration, a party opposing a motion to stay proceedings pending arbitration has a heavy burden. Independence Bank v. Erin Mechanical (1988),49 Ohio App.3d 17, 550 N.E.2d 198.
 {¶ 7} The standard of review of granting a motion to stay proceedings and compel arbitration is whether the trial court abused its discretion.Stoll v. United Magazine Co., Franklin App. No. 03AP-752, 2004-Ohio-2523;Eagle v. Fred Martin Motor Co. (2004), 157 Ohio App.3d 150,2004-Ohio-829. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217. "A decision is unreasonable if there is no sound reasoning process that would support that decision." AAAAEnterprises, Inc. v. River Place Community Urban Redevelopment Corp.
(1990), 50 Ohio St.3d 157, 161.
 {¶ 8} In the first assignment of error, appellants argue that the trial court erred in considering the 2002 maintenance agreement because it was not properly before the court since appellants amended the complaint and did not attach the 2002 maintenance agreement to the amended complaint. However, we find no error in the trial court's reliance on the 2002 maintenance agreement. As stated previously, on April 13, 2004, appellants filed a memorandum contra to appellee's motion to stay and a motion for leave to file an amended complaint. On April 26, 2004, before appellee had responded to appellants' motion for leave to file an amended complaint, the trial court granted appellants' motion for leave. The following day, appellee filed a memorandum contra to the motion for leave and a motion to strike appellants' proposed amended complaint. On May 7, 2004, appellee filed a motion for reconsideration of the court's April 26, 2004 order. Both of these motions, the motion to stay proceedings pending arbitration and the motion for reconsideration, were decided simultaneously in the trial court's November 23, 2004 entry.
 {¶ 9} To find that the 2002 maintenance agreement was not part of the record in this case would be spurious. The only substantive difference between the original and the amended complaint is the removal of the 2002 maintenance agreement that contains an arbitration provision and the addition of the 1997 maintenance agreement that does not contain an arbitration provision. The amended complaint acknowledges the existence of the 2002 maintenance agreement, and a copy of the 2002 maintenance agreement was attached to appellee's motion to stay proceedings pending arbitration. We find that the trial court did not err in considering the 2002 maintenance agreement as it was clearly in the record before the court when the court decided the pending motions.
 {¶ 10} Appellants also argue that even if the court considers the 2002 maintenance agreement, there is no evidence to show that appellant "was advised and understood that the new maintenance agreement would require that she arbitrate any and all claims that had arisen at any time during the previous decade." (Appellant's Feb. 7, 2004 brief.) However, "the law does not require that each aspect of a contract be explained orally to a party prior to signing" or otherwise accepting the terms contained therein. Kidwell v. Buckeye Terminix Co., Inc., Franklin App. No. 02AP-1285, 2003-Ohio-2881, citing ABM Farms, Inc., supra; see, also,Haskins v. Prudential Ins. Co. (C.A.6, 2000), 230 F.3d 231, 239, certiorari denied (2001), 531 U.S. 1113. Therefore, the fact that appellant did not read the maintenance agreements, and, thus, was not informed of the arbitration provisions would not release her from her obligations under the contract.
 {¶ 11} Additionally, contained in appellants' first assignment of error is the argument that appellants were unaware that the arbitration provision required that they arbitrate any and all claims that had arisen "at any time during the previous decade." The arbitration clause in the 2002 maintenance agreement provides in relevant part:
ARBITRATION. Any and all claims, disputes or controversies of any nature whatsoever (whether in contract, tort, or otherwise, including statutory, common law, fraud, other intentional tort, property and equitable claims) arising out of, relating to, or in connection with (1) this Agreement, (2) the relationship which results from this Agreement, or (3) the validity, scope or enforceability of this arbitration provision or the entire Agreement ("Claim"), shall be resolved, on an individual basis without resort to any form of class action, by final and binding arbitration before a single arbitrator. * * *
(Art. 12, Maintenance Agreement.)
 {¶ 12} Most important to our decision is the fact that the trial court did not hold that all of appellants' claims are subject to arbitration as appellants have indicated. Rather, the trial court concluded that "[s]ome of plaintiff's claims are clearly within the scope of contracts containing valid arbitration provisions. Accordingly, this entire case must be stayed until the arbitration is resolved." (Nov. 23, 2004 Decision.) Pursuant to R.C. 2711.02, when an action involves both arbitrable and non-arbitrable claims, the entire proceeding must be stayed until the issues that are subject to arbitration are resolved.Dh-Kl Corp. v. Corbin (Aug. 12, 1997), Franklin App. No. 97AP-206;McGuffey v. Lenscrafters, Inc. (2001), 141 Ohio App.3d 44; Scotts Co.v. Warburg, Pincus Ventures (Nov. 15, 2000), Union App. No. 14-2000-19, 2000-Ohio-1720. Appellants do not limit the amended complaint to claims arising before the agreements included an arbitration clause. Rather, the amended complaint contains allegations that span over a number of years, namely from 1992 until 2002, when the unit ceased to operate, and specifically alleges that Sears breached "the series of" agreements, not just the 1997 agreement. Thus, it is obvious that at least those claims that arose during the time periods governed by the maintenance agreements with arbitration clauses, are subject to arbitration. Since some of the claims are within the scope of contracts containing valid arbitration provisions, the trial court was correct in staying the entire action until the arbitration of those claims is resolved.
 {¶ 13} The arbitrator, pursuant to the arbitration clause, has the authority to determine which of the claims are within the scope of the arbitration clause itself. When the parties "have clearly and unmistakably vested the arbitrator with the authority to decide the issue of arbitrability, the question of whether a matter is arbitrable is to be decided by the arbitrator." Von Arras v. Columbus Radiology Corp., Franklin App. No. 04AP-934, 2005-Ohio-2562, citing Belmont County Sheriffv. Fraternal Order of Police (2004), 104 Ohio St.3d 568. In this case, the arbitration clause states that "the validity, scope or enforceability of this arbitration provision or the entire Agreement ("Claim"), shall be resolved, on an individual basis without resort to any form of class action, by final and binding arbitration before a single arbitrator." (2002 maintenance agreement, emphasis added.) Consistent with the express language of the arbitration clause, it is for the arbitrator, and not the courts, to decide whether the parties have an agreement for arbitration that encompasses the dispute between them. Therefore, contrary to appellants' assertion, neither the trial court, nor this court, is "retroactively" applying the arbitration provisions contained in the maintenance agreements.
 {¶ 14} Accordingly, appellants' first assignment of error is overruled.
 {¶ 15} In the second assignment of error, appellants argue that if the 2002 maintenance agreement was properly before the court, the trial court erred in granting appellee's motion to stay proceedings pending arbitration without giving appellants a jury trial pursuant to R.C.2711.03(B) on the making of the arbitration agreement or the failure to perform it.
 {¶ 16} In the trial court, appellee filed a motion to compel arbitration and stay proceedings pending arbitration pursuant to R.C.2711.02, which provides in relevant part:
(B) If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.
 {¶ 17} R.C. 2711.03 provides in relevant part:
(A) The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement. Five days' notice in writing of that petition shall be served upon the party in default. Service of the notice shall be made in the manner provided for the service of a summons. The court shall hear the parties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement.
(B) If the making of the arbitration agreement or the failure to perform it is in issue in a petition filed under division (A) of this section, the court shall proceed summarily to the trial of that issue. If no jury trial is demanded as provided in this division, the court shall hear and determine that issue. Except as provided in division (C) of this section, if the issue of the making of the arbitration agreement or the failure to perform it is raised, either party, on or before the return day of the notice of the petition, may demand a jury trial of that issue. Upon the party's demand for a jury trial, the court shall make an order referring the issue to a jury called and impaneled in the manner provided in civil actions. If the jury finds that no agreement in writing for arbitration was made or that there is no default in proceeding under the agreement, the proceeding shall be dismissed. If the jury finds that an agreement for arbitration was made in writing and that there is a default in proceeding under the agreement, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with that agreement.
 {¶ 18} Appellee argues that R.C. 2711.03 does not apply to this action because appellee merely requested a stay of the proceedings pending arbitration pursuant to R.C. 2711.02, and did not petition the court under R.C. 2711.03. This court agrees.
 {¶ 19} It is without question that according to Ohio law, a trial court, when considering whether to grant a motion to stay proceedings pending arbitration filed under R.C. 2711.02, need not hold a hearing under R.C. 2711.03. Maestle v. Best Buy Co. (2003), 100 Ohio St.3d 330, syllabus. In Maestle, the Supreme Court of Ohio was faced with the issue of whether R.C. 2711.02 and 2711.03 should be read in pari materia and require the court to conduct a hearing to determine whether the parties entered into a valid and enforceable arbitration agreement or whether R.C. 2711.02 and 2711.03 are distinct statutes. The court held that "there is no need to read the two statutes in pari materia." Id. at 334. In so holding, the court stated:
A party seeking to enforce an arbitration provision may choose to move for a stay under R.C. 2711.02, or to petition for an order for the parties to proceed to arbitration under R.C. 2711.03, or to seek orders under both statutes. If, however, the party moves for a stay pursuant to R.C. 2711.02 without also petitioning under R.C. 2711.03, the trial judge's consideration is guided solely by R.C. 2711.02 without reference to R.C. 2711.03. Consequently, in that situation it is not necessary for a trial court to comply with the procedural requirements of R.C. 2711.03, since only R.C. 2711.02 is involved.
Id. at 334.
 {¶ 20} Further, the Court explained:
Even though R.C. 2711.02 and 2711.03 both require a trial court to determine ultimately whether an arbitration provision is enforceable (and to be "satisfied" that the relief sought is appropriate before issuing the order), the statutes are separate and distinct provisions and serve different purposes. For that reason, there is no need to read the two statutes in pari material.
Id. at ¶ 17.
 {¶ 21} In this case, appellee's motion in the trial court was titled, "MOTION OF DEFENDANT SEARS, ROEBUCK AND CO. TO COMPEL ARBITRATION AND STAY PROCEEDINGS PENDING ARBITRATION." (April 5, 2004 motion.) Said motion was premised on R.C. 2711.02, not on R.C. 2711.03. Appellee did not seek, and the trial court did not grant relief pursuant to R.C.2711.03. Rather, appellee sought a stay of proceedings guided by R.C.2711.02. Therefore, pursuant to Maestle, the trial court was not required to hold a hearing and provide appellant with a jury trial pursuant to R.C. 2711.03 regarding the making of the arbitration agreement.
 {¶ 22} Appellants have cited this court's decision, Pyle v. WellsFargo Financial, Franklin App. No. 04AP-6, 2004-Ohio-4892, in support of their position that they were entitled to a jury trial pursuant to R.C.2711.03. However, we find that appellants' reliance on Pyle is misplaced as it is clear that the movant in Pyle sought relief under both R.C.2711.02 and 2711.03.
 {¶ 23} Given the trial court's cogent analysis on the enforceability of the arbitration clause at issue here, it is apparent that the trial court was "satisfied that the issue[s] involved in the action [are] referable to arbitration under [the] agreement in writing for arbitration," and, therefore, the trial court did not abuse its discretion in granting the requested stay, as some of the issues are governed by the arbitration clause. R.C. 2711.02(B); Maestle, supra.
 {¶ 24} Accordingly, appellants' second assignment of error is overruled.
 {¶ 25} For the foregoing reasons, appellants' first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bryant and French, JJ., concur.