OPINION
{¶ 1} Plaintiff-appellant, Leo Blackburn, as executor of the estate of Dorothy E. Blackburn, appeals from a decision of the Franklin County Court of Common Pleas granting a motion by defendant-appellee, Citifinancial, Inc., to stay proceedings pending arbitration.
 {¶ 2} Appellant was appointed by the Franklin County Probate Court as executor of the estate of Dorothy E. Blackburn, deceased. Appellant filed the present complaint against Citifinancial and additional John Doe defendants. Appellant's complaint asserts *Page 2 
that the decedent was a widow who could not read more than simple words or understand complex financial transactions and documents, had been in ill health, and relied for income solely upon social security benefits. The complaint further alleges that an individual identified as Richard Yohn convinced the decedent to attend a loan closing conducted by Citifinancial, where Yohn told employees or agents of Citifinancial that he was the decedent's son, and Yohn and Citifinancial employees convinced the decedent to sign a promissory note, mortgage, and related loan documents secured by the decedent's modest home. The complaint then alleges that Yohn, with the complicity (or at least cooperation) of Citifinancial personnel, was able to conceal the loan transaction from the decedent's family by listing Yohn's own post office box as the mailing address for all notices related to the loan. Yohn and Citifinancial allegedly repeated this process at least four times, increasing the loan amount each time and using the funds for Yohn's own benefit and to pay Citifinancial inflated origination fees and other costs associated with the loan.
 {¶ 3} The complaint directly alleges that only Yohn and Citifinancial benefited from these cumulative loan transactions through appropriation of the disbursed loan proceeds and thousands of dollars in fees charged to the decedent in connection with the loan transactions, and that, although the decedent bore all risks and obligations under the loan agreements, she did not receive any benefit therefor. The last loan eventually became overdue because, according to the complaint, Yohn was arrested in an unrelated matter and ceased making the monthly payments to Citifinancial to sustain his pyramid scheme. Only at this time did the decedent's family become aware of the mortgage and note obligations incurred by the decedent in favor of Citifinancial. *Page 3 
 {¶ 4} The complaint further alleges that Citifinancial eventually filed an action in foreclosure against the decedent and her home, and although Citifinancial eventually dismissed this foreclosure action, Citifinancial did not execute any release of the mortgage or note.
 {¶ 5} The complaint then sets forth claims sounding in breach of contract, negligence, civil conspiracy, conversion, fraud, slander of title, predatory lending, violations of the Consumer Sales Practices Act ("CSPA"), and engaging in a pattern of corrupt activity in violation of R.C. 2923.31 et seq. The complaint seeks monetary damages in excess of $25,000, alleges that the improper transactions exceeded $32,000, and seeks punitive damages, attorney fees, and treble damages where appropriate. The complaint alternatively seeks a declaratory judgment finding that any contractual obligations between the decedent and Citifinancial are void for want of consideration.
 {¶ 6} Attached to the complaint is a combined disclosure statement, note, and security agreement signed by the decedent and Citifinancial representatives, and a concurrently executed mortgage acknowledging a principal sum owed on the related note of $30,755.35, attaching to the decedent's property at 365 West Second Avenue in Columbus, Ohio. Both documents bear a signature in the name of Dorothy E. Blackburn and numerous notations of her initials on various paragraphs, as does a concurrently executed agreement referring any disputes arising in connection with the loan to binding arbitration in lieu of litigation.
 {¶ 7} Citifinancial did not file an answer to appellant's complaint, but filed a motion pursuant to R.C. 2711.02 to stay proceedings pending arbitration, invoking the arbitration agreement executed in conjunction with the loan documents. *Page 4 
 {¶ 8} Appellant opposed the stay on the grounds that the arbitration agreement was unconscionable and therefore unenforceable, citing the Supreme Court of Ohio case of Williams v. Aetna Finance Co.,83 Ohio St.3d 464, 1998-Ohio-294. In that case, the Supreme Court affirmed a judgment refusing to enforce an arbitration agreement under facts similar to those alleged in the case before us; that is, that the arbitration agreement was part of an overreaching loan transaction in which the finance company employed an interested intermediary to facilitate the loan. In particular, appellant pointed out that, as inWilliams, the loan proceeds in the present case allegedly were not disbursed to the loan obligor at all, but went directly into the pocket of a party that, working hand in glove with the loan company, promoted the inequitable loan transaction.
 {¶ 9} In addition, appellant opposed the stay on the grounds that the decedent had not knowingly agreed to the arbitration clause because the state of her health and her lack of education would have prevented her from meaningfully reading or understanding any of the loan documents, including the arbitration agreement, which she concededly signed. Appellant also argued before the trial court that the arbitration agreement was void due to fraud in the inducement and lack of consideration. In addition, appellant argued that appellee had waived its right to enforce the arbitration agreement when it filed its complaint in foreclosure and that provisions of R.C. Chapter 2711 governing arbitration are inapplicable in toto because they specifically exclude transactions related to real estate, and the mortgage taken to secure the note in the present case places the loan within that category. *Page 5 
 {¶ 10} The trial court considered the arguments of the parties and rendered a decision on June 14, 2005, ordering a stay in the matter and finding appellant's arguments in opposition to the stay not well-taken.
 {¶ 11} Appellant has timely appealed and brings the following assignment of error:
 THE TRIAL COURT ERRED IN GRANTING CITIFINAN-CIAL'S MOTION TO STAY.
 {¶ 12} The trial court stayed arbitration under R.C. 2711.02(B), which provides as follows:
 If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.
 {¶ 13} This provision tracks Section 3 of the Federal Arbitration Act ("FAA"), Sections 1-16, Title 9, U.S. Code, and the FAA represents a preemption of substantive law by the federal government, and corresponding state statutes may not vary materially from the federal provision. Thus, under R.C. 2711.02, when a trial court is presented with a motion to stay proceedings pending arbitration, the court must initially determine if it is "satisfied" that the issue involved falls under an agreement calling in writing for arbitration. "To defeat a motion for stay brought pursuant to R.C. 2711.02, a party must demonstrate that the arbitration provision itself in a contract at issue, and not merely the contract in general, was fraudulently induced." ABM Farms, Inc. v. Woods (1998), 81 Ohio St.3d 498, at syllabus, citing Prima Paint Corp. v. Flood Conklin Mfg. Co. (1967), 388 U.S. *Page 6 
395, 87 S.Ct. 1801. This reflects a general policy in favor of upholding arbitration agreements and precedent establishing that arbitration agreements are separable from any general contract in connection with which they may be executed. ABM Farms, at 501. This also reflects, conversely, "the fact that arbitration is a matter of contract, and parties cannot be required to submit to arbitration those disputes that they have not agreed to submit to arbitration." Cross v.Carnes (1998), 132 Ohio App.3d 157, 165.
{¶ 14} However, the Supreme Court of Ohio has clearly stated that, unlike a motion to compel arbitration under R.C. 2711.03, an R.C.2711.02 motion for stay pending arbitration imposes no duty on the trial court to hold any type of hearing or trial. Maestle v. Best BuyCo., 100 Ohio St.3d 330, 2003-Ohio-6465, at ¶ 19-20. This is in contrast to some federal cases cited by appellant, which reflect the federal court's policy of generally adopting a more rigorous standard of inquiry when addressing a stay pending arbitration; see, generally, Cooper v.MRN Investment Co. (C.A.6, 2004), 367 F.3d 493. Another contrast with general federal procedure in FAA cases is that Ohio reviews the grant or denial of the motion for stay pending arbitration under an abuse-of-discretion standard, while federal courts apply a manifest weight review to factual matters and de novo review to questions of law. See, e.g., Great Earth, Cos., Inc, v. Simons (C.A. 6, 2002),288 F.3d 878, 888.
 {¶ 15} We will first address the two threshold issues raised by appellant: whether Ohio's arbitration statutes under R.C. Chapter 2711 are generally applicable to this case at all, and whether Citifinancial has elected to waive any arbitration rights it may have.
 {¶ 16} Appellant points out that R.C. Chapter 2711 by its own express terms does not apply to controversies involving title to or possession of real estate, and that the *Page 7 
present loan involved a mortgage of the decedent's house. The language of the arbitration agreement in the present case specifically excludes from arbitration those aspects of the loan agreement affecting title to real estate. The question becomes whether the mortgage lien created in connection with the loan so overshadows all other aspects of the loan agreement that the entire transaction between the parties becomes one inextricably intertwined with the conveyance of a title to real estate and, thus, inarbitrable under the agreement. In brief, we find that it does not. The balance of the loan transaction between the parties remains severable in that Citifinancial could obtain through arbitration an enforcement of its rights under the note, which would then serve as a basis for further proceedings in a court of law based upon the mortgage lien. We accordingly find that R.C. Chapter 2711 is applicable to this matter, at least to the extent that an arbitrator has not yet evidenced any attempt to arbitrate that aspect of the controversy involving the title to or possession of real estate.
 {¶ 17} Finding that the arbitration statutes are at least initially applicable, we now turn to appellant's contention that, because of Citifinancial's premature attempt to bring an action in foreclosure in this matter, Citifinancial has waived its rights to enforce the arbitration agreement by choosing to initiate litigation in a court of law. Appellant particularly points out that the posture of this case supports waiver because Citifinancial, in its foreclosure action, also sought judgment on the underlying promissory note, an aspect of the matter that clearly would be subject to arbitration. While, as stated above, Ohio public policy favors arbitration to resolve disputes, arbitration, as with any other contractual right, may be waived.Rock v. Merrill-Lynch, Pierce, Fenner Smith, Inc. (1992),79 Ohio App.3d 126, 128, Griffith v. Linton (1998), 130 Ohio App.3d 746. "Waiver *Page 8 
as applied to contracts is a voluntary relinquishment of a known right." White Co. v. Canton Transp. Co. (1936), 131 Ohio St. 190, paragraph one of the syllabus; State ex rel. Ryan v. State Teacher'sRetirement Sys. (1994), 71 Ohio St.3d 362, 368. Waiver of the right to arbitrate, however, will not be lightly inferred. Harsgo Corp. v. CraneCarrier Co. (1997), 122 Ohio App.3d 406, 412. "Because of the strong public policy in favor of arbitration, the heavy burden of proving waiver over the right to arbitration is on the party asserting a waiver." Griffith, at 751, citing Tenneco Resins, Inc. v. Davey,Internatl'., A.G., (C.A.5, 1985), 77 F.2d 416, 420. The party asserting waiver thus must prove two elements: that the party waiving the right knew of the existing right of arbitration, and that it acted inconsistently with that right. Id. A plaintiff's filing of a complaint may constitute a waiver of that party's right to arbitrate. Mills v.Jaguar-Cleveland Motors, Inc. (1980), 69 Ohio App.2d 111, 113; Jones v.Honchell (1984), 14 Ohio App.3d 120, 122.
 {¶ 18} In the present case, Citifinancial cannot dispute that it was aware of its own arbitration clause executed in connection with the loan documents. The question before us is therefore whether Citifinancial acted inconsistently with its rights under the arbitration agreement when it filed a complaint in foreclosure against appellant's decedent that clearly sought judgment on the underlying note. Although Citifinancial stresses that some jurisdictions require prejudice as a third element of waiver, Ohio law does not absolutely require a finding of prejudice to waive a contractual right. Griffith, supra; Med. ImagingNetwork, Inc. v. Med. Resources, Mahoning App. No. 04 MA 220,2005-Ohio-2783, at ¶ 20-24. "Prejudice is a factor to be considered in determining the totality of the circumstances surrounding inconsistent acts, but is not a mandated element for waiver." Id. at ¶ 26, citingACRS, Inc. v. Blue Cross Blue Shield of Minnesota (1998), *Page 9 131 Ohio App.3d 450, 456. "[T]here are no talismatic formulas for determining the existence of an implicit waiver, and no one factor can be isolated or singled out to achieve controlling weight." Middletown Innkeepers,Inc. v. Spectrum Interiors, Butler App. No. CA2004-01-020,2004-Ohio-5649, at ¶ 14.
 {¶ 19} Although we are elsewhere handicapped by the lack of evidence submitted by appellant to support his arguments in opposition to enforcement of the arbitration agreement, the record contains all that is needed to address the waiver issue, especially because Citifinancial does not dispute the existence or content of its prior complaint in foreclosure. In Griffith, this court found that merely filing by a defendant of a motion for summary judgment would constitute waiver of a subsequently invoked arbitration agreement. Clearly, filing a complaint in derogation of an arbitration agreement as happened here constitutes a far more affirmative disavowal of the contractual right to arbitrate. " `Active participation in a lawsuit * * * evincing an acquiescence to proceeding in a judicial rather than an arbitration forum' has been found to support a finding of waiver." Griffith, at 752, quotingEnvirex, Inc. v. K.H. Schussler Fur Umwelttechnik GMBH (E.D.Wis.1993),832 F. Supp 1293, 1295. If mere defense through filing an answer or motion for summary judgment is sufficient, then we are compelled to find that by actively pursuing litigation in lieu of arbitration by filing a complaint to enforce its contractual rights under the note, Citifinancial has waived its own arbitration clause. On this basis and this basis alone, we find that the trial court erred in enforcing the arbitration clause and staying judicial proceedings in the case.
 {¶ 20} We will only briefly address the further arguments by appellant urging a finding that the entire loan agreement and its incorporated arbitration agreement are void *Page 10 
or voidable under various contract theories. Appellant argues that the entire loan agreement should have been found unenforceable by the trial court on a variety of grounds, principally unconscionability or fraud in the inducement. It is clear that "[t]he trial court should have the first opportunity to address the existence or nonexistence of unconscionability" or other contractual defenses raised by appellant.Battle v. Bill Swad Chevrolet, Inc. (2000), 140 Ohio App.3d 185, 188. These issues are therefore not ripe for our consideration at this time and will not be addressed.
 {¶ 21} In summary, we find that because Citifinancial has waived its contractual right to arbitration, the trial court erred in issuing a stay in this matter pending arbitration, and appellant's assignment of error is sustained. The order of the Franklin County Court of Common Pleas staying the action pending referral to arbitration is reversed, and this matter is remanded for further proceedings.
Judgment reversed; cause remanded.
 SADLER, P.J., and FRENCH, J., concur. *Page 1