OPINION
{¶ 1} Plaintiff-appellant, Yonder B. Gordon, appeals from a judgment of the Franklin County Court of Common Pleas granting the motions of defendants-appellees, OM Financial Life Insurance Company ("OM Financial") and Michael J. Preisser *Page 2 
("Preisser"), to stay proceedings pending arbitration. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} In February 2007, OM Financial issued to appellant a term life insurance policy (the "OM Financial policy") that contained a disability income rider and return of premium rider. The policy named appellant as the insured under the policy and the owner of the policy. Preisser was the soliciting insurance agent with respect to this policy. In June 2007, appellant submitted a claim to OM Financial for disability income benefits under the OM Financial policy. After investigating the claim, OM Financial believed that appellant had made false and/or fraudulent statements on the application for the OM Financial policy regarding certain preexisting conditions. In August 2007, OM Financial informed appellant and her counsel of the results of its investigation, and it tendered a refund of premiums to rescind the disability income rider.
 {¶ 3} Appellant did not accept the tender, and she filed an action against OM Financial and Preisser in December 2007. As to OM Financial, appellant alleged breach of contract, bad faith, pattern of corrupt activity, infliction of emotional distress, and sought class certification as well as a declaratory judgment. Appellant asserted a claim of insurance agent liability against Preisser. OM Financial and Preisser each filed an answer in February 2008.
 {¶ 4} On March 3, 2008, and pursuant to R.C. 2711.02(B), OM Financial moved for a stay of proceedings pending arbitration. On March 28, 2008, Preisser also filed a motion to stay proceedings pending arbitration. Appellant filed memoranda in opposition to these requests. Additional motions were filed by the parties regarding discovery. On May 19, 2008, and without holding a hearing, the trial court granted the motions of OM *Page 3 
Financial and Preisser to stay proceedings pending arbitration. The trial court found the motions regarding discovery to be moot.
 {¶ 5} Appellant appeals from the trial court's judgment and presents the following single assignment of error for our review:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ORDERING THE PRESENT ACTION STAYED PENDING ARBITRATION.
 {¶ 6} Appellant challenges the trial court's decision to stay proceedings pending arbitration pursuant to R.C. 2711.02. In Peters v.Columbus Steel Castings Co., Franklin App. No. 05AP-308, 2006-Ohio-382, this court noted that "[t]raditionally, when confronted with appeals from motions to dismiss or stay pending arbitration, appellate courts use the abuse of discretion standard." Id. at ¶ 10. This court further noted that "some Ohio courts, including this court, have held that the de novo standard of review is proper when the appeal presents a question of law." Id. With these principles in mind, we address the merits of appellant's arguments in this appeal.
 {¶ 7} It is well-settled that Ohio and federal courts encourage arbitration to settle disputes. ABM Farms, Inc. v. Woods (1998),81 Ohio St.3d 498, 500. R.C. 2711.02 supports this strong public policy position by providing that a court shall stay trial proceedings to allow for arbitration when an action is brought upon any issue referable to arbitration. Cheney v. Sears, Roebuck and Co., Franklin App. No. 04AP-1354, 2005-Ohio-3283, at ¶ 6. When a trial court is presented with a motion to stay proceedings pending arbitration pursuant to R.C. 2711.02(B), the court must initially determine if it is "satisfied" that the issue involved falls under an agreement in writing calling for arbitration. See id. *Page 4 
 {¶ 8} Appellant argues that the factual issue of the existence of the OM Financial policy was required to be heard before the trial court considered the validity of the policy's arbitration clause. CitingDivine Constr. Co. v. Ohio-American Water Co. (1991),75 Ohio App.3d 311, 316, appellant asserts that "where the existence of a contract containing an arbitration clause is at issue, a threshold question of fact arises, which is subject to trial." (Appellant's merit brief, at 5.) In support of her contention that there was a factual issue regarding the existence of the OM Financial policy, appellant claims that she alleged in her complaint that OM Financial engaged in fraudulent activity before the OM Financial policy was issued. Additionally, appellant asserts that it is OM Financial's contention that the "disability income rider policy" is null and void based on appellant's alleged misrepresentations. Id. Appellant's arguments are unpersuasive for various reasons.
 {¶ 9} In Divine Constr. Co., this court stated that "where the existence of the contract containing the arbitration clause is at issue, a question of fact arises which is subject to trial as requested by the parties." Id. at 316, citing both R.C. 2711.03 and Colegrove v.Handler (1986), 34 Ohio App.3d 142. However, the Supreme Court of Ohio, in ABM Farms, Inc., subsequently noted that R.C. 2711.01(A) generally acknowledges that an arbitration clause is, in effect, a contract within a contract, subject to revocation on its own merits. Id. at 501;Battle v. Bill Swad Chevrolet, Inc. (2000), 140 Ohio App.3d 185. Because the arbitration clause is a separate entity, an alleged failure of the contract in which it is contained does not affect the arbitration provision itself. Battle at 189, citing ABM Farms, Inc. The syllabus of the ABM Farms, Inc. decision states: "To defeat a motion for stay brought pursuant to R.C. 2711.02, a party must demonstrate that the arbitration provision itself in the contract at issue, and not merely the contract in general, *Page 5 
was fraudulently induced." Therefore, in view of ABM Farms, it is unavailing for a party to argue that "an R.C. 2711.02 motion for stay can be defeated by an assertion that the contract in general was fraudulently induced and by requesting rescission thereof."Battle, at 190.
 {¶ 10} According to appellant, the third, fourth, fifth, and sixth claims in her complaint alleged that OM Financial engaged in fraud in the factum before the existence of the OM Financial policy. In appellant's view, if these claims are proven, then the OM Financial policy would be a nullity. Appellant presents this argument even though she seeks a declaration that she is entitled to benefits under the policy. Nonetheless, contrary to appellant's assertion, these four claims did not allege that there was fraud before the existence of the OM Financial policy. These claims alleged that OM Financial committed misconduct in the processing of appellant's disability income claim under the OM Financial policy and by denying her claim. Thus, appellant's assertion that she alleged fraud in the factum in her complaint is not supported by the complaint itself.
 {¶ 11} Appellant's assertion that OM Financial has argued that the entire policy is null and void is also unavailing. The OM Financial policy is a term life insurance policy with a disability income rider. The arbitration provision is not contained in the disability income rider but is in the "GENERAL PROVISIONS" section of the policy. OM Financial's answer alleged that the disability income rider of the OM Financial policy was null and void due to fraudulent misrepresentations by appellant in applying for the policy. Thus, contrary to appellant's assertion, OM Financial did not allege that the entire policy was void; it alleged that the disability income rider was void. Furthermore, OM Financial's contention that the disability income rider of the OM Financial policy was void due to *Page 6 
appellant's alleged misrepresentations does not somehow create a dispute regarding the existence or validity of the arbitration provision in the policy. See ABM Farms, Inc.
 {¶ 12} That the parties agreed upon the arbitration provision has never been disputed. Also, there has been no allegation that the arbitration provision itself was fraudulently induced. In sum, the existence of the agreement to arbitrate and the validity of the arbitration provision were not genuinely in dispute. Thus, it was unnecessary for the trial court to hold a hearing or trial on the matter.
 {¶ 13} According to appellant, the record establishes that OM Financial waived arbitration in this case. Even though arbitration is a favored form of dispute resolution, a party may waive arbitration just as it may waive any other contractual rights. Blackburn v.Citifinancial, Inc., Franklin App. No. 05AP-733, 2007-Ohio-1463, at ¶ 17. "Waiver as applied to contracts is a voluntary relinquishment of a known right." White Co. v. Canton Transp. Co. (1936), 131 Ohio St. 190, paragraph one of the syllabus; State ex rel. Ryan v. State Teacher'sRetirement Sys. (1994), 71 Ohio St.3d 362, 368.
 {¶ 14} A party asserting waiver of arbitration must demonstrate that the party waiving the right knew of the existing right of arbitration, and that it acted inconsistently with that right. Blackburn, at ¶ 17, citing Griffith v. Linton (1998), 130 Ohio App.3d 746. A "waiver of the right to arbitrate is not lightly inferred." Harsco Corp. v. CraneCarrier Co. (1997), 122 Ohio App.3d 406, 415. Actively pursuing litigation by filing a complaint, with knowledge of the right to arbitrate, likely will be viewed as acting inconsistent with a right to arbitrate. See Blackburn, at ¶ 19 (determining that, by actively pursuing litigation in lieu of arbitration by filing a complaint to enforce its contractual rights, Citifinancial waived its own arbitration clause). Additionally, the failure to move for a stay, coupled with *Page 7 
responsive pleadings, will constitute a defendant's waiver. Mills v.Jaguar-Cleveland Motors, Inc. (1980), 69 Ohio App.2d 111, 113.
 {¶ 15} Obviously, OM Financial was aware of the arbitration clause in its own policy. Thus, the issue to resolve is whether OM Financial acted inconsistently with the right to arbitrate in a manner that should be viewed as a waiver of that right. Appellant argues that OM Financial, despite its knowledge of the arbitration clause in its own policy, sought a rescission of the contract. Appellant also claims that OM Financial's answer "merely cites the arbitration clause, but does not affirmatively allege that Appellant's claim is subject to arbitration." (Appellant's merit brief, at 6.) OM Financial's attempt to rescind the disability income rider of the OM Financial policy cannot reasonably be viewed as a waiver of the right to arbitrate any dispute. After investigating appellant's claim for disability income, OM Financial determined that appellant had made misrepresentations. On this basis, OM Financial tendered the premiums in an attempt to rescind the disability income rider. Appellant did not accept the tender and subsequently filed her lawsuit against appellees. After litigation was commenced by appellant, OM Financial filed an answer that did not "merely cite the arbitration clause" in the OM Financial policy, but affirmatively asserted that the controversies between the parties were subject to final and binding arbitration pursuant to the policy. For these reasons, we find that the trial court properly rejected appellant's contention that OM Financial waived its right to enforce the arbitration provision.
 {¶ 16} Appellant argues that appellee Preisser has no right to arbitrate appellant's claim against him for insurance agent liability because the contracting parties, appellant and OM Financial, did not intend to confer any contractual benefits upon Preisser. *Page 8 
Appellant also argues that her claims of declaratory judgment, bad faith, pattern of corrupt activity, infliction of emotional distress, and class action certification, are not subject to arbitration. The arbitration provision in the general provisions section of the OM Financial policy states in part that "[a]ny controversy arising under this policy, or any amendments to or breach of this policy, will be determined and settled exclusively by final and binding arbitration[.]" Appellant contends that none of these claims "arise" under the OM Financial policy, thereby subjecting them to the arbitration clause of the policy.
 {¶ 17} Because appellant's single assignment of error alleges that the trial court erred in granting the motions to stay proceedings pending arbitration, the dispositive issue before this court in this appeal is whether the trial court erred in granting the motions to stay proceedings pending arbitration pursuant to R.C. 2711.02. R.C. 2711.02
requires a trial court to stay proceedings when it is satisfied that the issue is covered by a written arbitration agreement. Appellant concedes that the breach of contract claim "arises" under the policy but argues that the remaining claims are not subject to arbitration. InCheney, supra, this court stated that "[p]ursuant to R.C. 2711.02, when an action involves both arbitrable and non-arbitrable claims, the entire proceeding must be stayed until the issues that are subject to arbitration are resolved." Id. at ¶ 12; see Hussein v. Hafner Shugarman Ents. Inc., 176 Ohio App.3d 127, 2008-Ohio-1791, at ¶ 47, quoting Cheney; see, also, Garber v. Buckeye Chrysler-Jeep-Dodge ofShelby, Inc., Richland App. No. 2007-CA-0121, 2008-Ohio-3533, at ¶ 18, citing McGuffey v. LensCrafters, Inc. (2001), 141 Ohio App.3d 44
(reaching same conclusion). In view of Cheney, the facts of this case required the trial court to stay proceedings until arbitration may be completed as appropriate. *Page 9 
 {¶ 18} Based on the foregoing, we conclude that the trial court did not err in granting the motions of appellees to stay proceedings pending arbitration. Accordingly, we overrule appellant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
KLATT and TYACK, JJ., concur.
 T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1