[Cite as *Hunter v. Rhino Shield*, 2015-Ohio-4603.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Ruth A. Hunter et al., | : | |
| Plaintiffs-Appellees, | : | |
| v. | : | |
| Rhino Shield et al., | : | No. 15AP-172 (C.P.C. No. 14CV-1274) |
| Defendants-Appellees, | : | (REGULAR CALENDAR) |
| Tri-State Coating, Inc., | : | |
| Defendant-Appellant. | : | |

# D E C I S I O N

### Rendered on November 5, 2015

*Law Offices of James P. Connors*, and *James P. Connors*, for appellees Ruth A. and David G. Hunter.

*Scherner & Sybert LLC*, and *Dave Lackey*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Tri-State Coating, Inc., appeals a judgment of the Franklin County Court of Common Pleas that denied appellant's motion to stay this matter pending arbitration. For the following reasons, we affirm that judgment.

{¶ 2} On February 6, 2014, plaintiffs-appellees, Ruth A. and David G. Hunter, filed suit against appellant and six other defendants.[1] The complaint alleged that David G. Hunter contracted with appellant to apply Rhino Shield, a ceramic wall covering, to the

---

[1] Appellees did not obtain service of the summons and complaint on the other six defendants, and they are not part of this appeal.

exterior of appellees' home. In appellees' opinion, appellant performed the work in a shoddy and unworkmanlike manner, and it failed to repair the botched job as it promised to do. Appellees asserted claims for breach of contract, negligent and/or intentional misrepresentation, and violations of the Ohio Consumer Sales Practices Act, R.C. 1345.01 et seq., and the Ohio Home Solicitation Sales Act, R.C. 1345.21 et seq.

{¶ 3} Appellant answered appellees' complaint. Importantly, appellant admitted in its answer that "venue [was] proper and that [the trial] [c]ourt ha[d] personal and subject matter jurisdiction over it." (Mar. 11, 2014 Answer, ¶ 12.) The answer did not mention arbitration.

{¶ 4} Appellees and appellant engaged in discovery. Appellant propounded interrogatories, requests for the production of documents, and requests for admission upon appellees. Appellant also responded to appellees' discovery requests. Later, appellant filed a disclosure of witnesses that listed the lay and expert witnesses it expected to call at trial.

{¶ 5} On May 20, 2014, appellant moved for a jury view of appellees' house. In the motion, appellant stated that it intended the motion to serve as a formal notice to appellees of their duty to preserve the evidence so a future jury could assess it.

{¶ 6} Two days after moving for a jury view, appellant filed a motion for partial summary judgment. Pointing to an exculpatory clause in the contract between it and appellees, appellant argued that appellees' damages were limited to $10,919—the amount that appellees had paid appellant for the work on their home. Appellant requested that the trial court enter judgment so restricting appellees' recovery.

{¶ 7} On May 29, 2014, appellees moved to compel discovery responses from appellant. Appellant opposed the motion and requested that the trial court grant it a protective order excusing it from responding to the discovery requests in dispute.

{¶ 8} On September 4, 2014, appellees moved for leave to amend their complaint to add additional defendants, including the specific individuals who worked on their home and the manufacturer of Rhino Shield. In addition to seeking leave, appellees separately filed their amended complaint. Initially, appellant contested the motion for leave and requested that the trial court strike the amended complaint. Appellant subsequently filed an answer to the amended complaint on October 2, 2014. Soon

thereafter, the trial court granted appellees leave to file the amended complaint, and it accepted the already-filed amended complaint and answer as part of the record.

{¶ 9}  On October 10, 2014, appellant provided further responses to appellees' written discovery requests.  Around that same time, appellant's attorney began coordinating the scheduling of depositions with appellees' attorney.  In an e-mail sent to appellees' attorney the morning of October 13, 2014, appellant's attorney confirmed the deposition of one witness for October 16 and indicated that he was checking the availability of another witness for a deposition on October 21.  Approximately five hours later, appellant's attorney sent appellees' attorney an e-mail that cancelled all depositions.  Appellant's attorney explained that he and his client had decided to ask the court to enforce the arbitration provision in the parties' contract.

{¶ 10} Consistent with its attorney's e-mail, on October 13, 2014, appellant moved for an order either compelling arbitration pursuant to R.C. 2711.03 or, alternatively, granting a stay pending arbitration pursuant to R.C. 2711.02.  The motion relied on an arbitration provision in the parties' contract, which states:

> Any questions, disputes, controversies, or litigation arising either directly or indirectly from this contract, including but not limited to disputes concerning the validity, interpretation, or effect of this contract, or interpretation and enforcement of the rights and obligations of the parties hereunder, shall be governed (whether in law or in equity) by the laws of the breach thereof shall submit to a single arbitrator under the applicable rules of the American Arbitration Association, and any decision rendered there under shall conclusively bind the parties.[2]

(Contract, 2.)

{¶ 11} One day after filing its motion, appellant submitted an amended answer to the trial court.  For the first time, appellant set forth a defense based on the arbitration provision in a responsive pleading.[3]

---

[2] Grammatically, this provision is nonsensical.  Either it is missing words or it includes extraneous words.  Both parties, however, presume that this provision mandates arbitration of their dispute.  Consequently, we will presume the same.

[3] Appellant did not need leave to amend its answer because it filed the amended answer within 28 days of October 2, 2014—the date on which appellant served its answer to the amended complaint.  *See* Civ.R. 15(A) ("A party may amend its pleading once as a matter of course within twenty-eight days after serving it.").

{¶ 12} Appellant later withdrew the portion of its motion that requested the trial court to compel arbitration. The only question before the trial court, therefore, was whether to stay the case pending arbitration.

{¶ 13} Appellees opposed appellant's motion to stay on the ground that appellant had waived the arbitration provision. Appellees pointed out that appellant had conceded in its original answer that venue and jurisdiction were proper and that appellant had actively participated in the litigation. Appellees argued that these acts were inconsistent with the right to arbitrate and justified denial of appellant's motion.

{¶ 14} In a judgment dated March 5, 2015, the trial court denied appellant's motion for a stay pending arbitration. Appellant now appeals the March 5, 2015 judgment, and it assigns the following error: "The trial court erred when it held that [appellant] waived its right to arbitrate this dispute."

{¶ 15} Both the General Assembly and Ohio courts have expressed a strong public policy favoring arbitration. *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, ¶ 15. Arbitration is favored because it provides parties with a relatively expeditious and economical means of resolving a dispute and unburdens crowded court dockets. *Id.* A party may obtain a stay of litigation in order to arbitrate pursuant to R.C. 2711.02(B), which states:

> If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

{¶ 16} The contractual right to arbitration, like any other contractual right, may be waived. *Pinnell v. Cugini & Cappoccia Builders, Inc.*, 10th Dist. No. 13AP-579, 2014-Ohio-669, ¶ 17; *Dispatch Printing Co. v. Recovery Ltd. Partnership*, 10th Dist. No. 10AP-353, 2011-Ohio-80, ¶ 19. However, a court will not lightly infer waiver of a right to arbitrate. *Morris v. Morris*, 189 Ohio App.3d 608, 2010-Ohio-4750, ¶ 18 (10th Dist.). To establish such a waiver, the party asserting waiver must prove that the waiving party knew

of the right to arbitrate and, based on the totality of the circumstances, acted inconsistently with that right. *Pinnell* at ¶ 18; *Blackburn v. Citifinancial, Inc.*, 10th Dist. No. 05AP-733, 2007-Ohio-1463, ¶ 17. In determining whether the totality of the circumstances includes actions inconsistent with the right to arbitrate, a court may consider: (1) whether the party seeking arbitration invoked the court's jurisdiction by filing a complaint or claim without first requesting a stay, (2) the length of the delay, if any, in seeking arbitration, (3) the extent to which the party seeking arbitration has participated in the litigation, and (4) whether the inconsistent acts of the party seeking arbitration prejudiced the party asserting waiver. *Pinnell* at ¶ 18; *Dispatch Printing Co.* at ¶ 21. In short, waiver occurs when a party's active participation in a lawsuit evinces an acquiescence to proceeding in a judicial forum. *Pinnell* at ¶ 18; *Blackburn* at ¶ 19.

{¶ 17} The standard under which an appellate court reviews an order granting or denying a stay pending arbitration depends on the nature of the issues involved. *Pinnell* at ¶ 17. When the issue is whether a party waived its right to arbitrate, appellate courts review a trial court's judgment for an abuse of discretion. *Id.*; *Morris* at ¶ 17. Appellate courts apply this standard because resolution of the waiver issue requires a fact-intensive analysis. *Pinnell* at ¶ 17; *Morris* at ¶ 17.

{¶ 18} In the case at bar, the parties do not dispute that appellant knew of its right to arbitrate. The trial court, therefore, focused its attention on whether appellant acted inconsistently with its known right. The trial court answered that question affirmatively because appellant: (1) filed an answer to the original complaint that did not reference arbitration, (2) waited seven months before filing the motion to stay, (3) exchanged discovery with appellees, (4) requested a jury view of appellees' home, (5) disclosed its witness list, and (6) moved for partial summary judgment.

{¶ 19} On appeal, appellant largely concentrates on diminishing the importance of its failure to reference arbitration in its original answer. Appellant points out that it asserted its right to arbitrate in its amended answer. It argues that, because an amended pleading supersedes an original pleading, its amended answer negated all the admissions and omissions of its original answer. Appellant thus contends that the trial court erred in considering, as part of the totality of the circumstances, the lack of an arbitration defense in the original answer. According to appellant, the trial court should have instead

conducted its analysis using the pretense that appellant had raised the arbitration defense at the first opportunity. We disagree.

{¶ 20} Appellant is correct that an amended pleading supersedes the original pleading. *Morris* at ¶ 32. That rule, however, does not mean that a trial court must disregard the original answer when determining whether a defendant acted inconsistently with the right to arbitrate. Whether a defendant has acted inconsistently is a factual inquiry, and the original answer may provide clues for determining if a defendant intended to pursue—or relinquish—the right to arbitrate. Here, the original answer holds just such evidence. Not only did appellant fail to reference arbitration in its answer, it also affirmatively admitted that both venue and jurisdiction rested with the trial court. Moreover, appellant stayed silent regarding arbitration until filing its third answer, some seven months after filing its original answer. We find no error in the trial court's consideration of these facts as part of its review of the totality of the circumstances.

{¶ 21} Our conclusion in this matter is not inconsistent with *Morris*. There, our analysis focused on a different waiver rule; namely, the rule that affirmative defenses are waived if not raised in the initial pleading or an amended pleading. *See Jim's Steak House, Inc. v. Cleveland*, 81 Ohio St.3d 18, 20 (1998). One of the appellants in *Morris* argued that the trial court erred in refusing to allow him to assert the new affirmative defense of arbitration in response to the appellees' amended pleadings. Apparently, the trial court had concluded that the appellant had waived the defense because he did not raise it in his initial responsive pleading. We agreed with the appellant's argument for two reasons. First, by filing amended pleadings, the appellees opened the door for the appellant to raise new affirmative defenses in his responsive pleadings. *Id.* at ¶ 18. Second, the right to arbitrate, as protected by R.C. 2711.02, is not a Civ.R. 8(C) affirmative defense and, thus, the appellant's failure to include it in his initial responsive pleading did not result in waiver. *Id.*

{¶ 22} Here, the question is not solely whether appellant waived the defense of the right to arbitrate by not raising it in its original answer. For the two reasons set forth in *Morris*, appellant could raise that defense in its amended answer to appellees' amended complaint. The question here is whether, during the entire course of litigation, appellant acted inconsistently with its right to arbitrate. While resolving that question includes

consideration of whether appellant omitted the arbitration defense from its original answer, the absence of the defense merely contributes to the overall analysis.

{¶ 23} The trial court cited multiple factors in concluding that appellant acted inconsistently with its right to arbitrate. We add to those factors appellant's filing of opposing memoranda to appellees' motions to compel and to amend their complaint, appellant's request for a protective order, and appellant's participation in the scheduling of depositions. Together, all these factors militate against a stay of the case pending arbitration.

{¶ 24} The trial court ultimately found one factor decisive: the filing of the motion for partial summary judgment. We concur with that finding. "Filing a motion for summary judgment is inconsistent with the right to arbitrate because it places the dispute squarely before the court for resolution on the merits and demonstrates an election to proceed with litigation as opposed to arbitration." *Griffith v. Linton*, 130 Ohio App.3d 746, 753 (10th Dist.1998). Generally, a party who moves for summary judgment "has made a decision to take advantage of the judicial system and should not be able thereafter to seek compelled arbitration." *Khan v. Parsons Global Servs.*, 521 F.3d 421, 427 (D.C.Cir.2008).

{¶ 25} In its motion for partial summary judgment, appellant requested that the trial court interpret and enforce the exclusionary provision in the parties' contract in its favor and limit the amount of appellees' damages. The contract's arbitration provision designates interpretation and enforcement of the contract as a matter for arbitration. Appellant, therefore, submitted an arbitrable issue to the trial court for resolution on its merits. This act was wholly inconsistent with arbitration. Consequently, when considering appellant's bid for partial summary judgment in conjunction with its other acts and omissions, we conclude that the trial court did not abuse its discretion in determining that appellant acted inconsistently with its right to arbitrate. The trial court, therefore, did not err in finding a waiver of arbitration had occurred or in denying the motion for a stay pending arbitration.

{¶ 26} For the foregoing reasons, we overrule appellant's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and BRUNNER, JJ., concur.

_____