[Cite as *Crosscut Capital, L.L.C. v. Dewitt*, 2021-Ohio-1827.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Crosscut Capital, LLC, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 20AP-222 |
| v. | : | (C.P.C. No. 19CV-4525) |
| Nicholas DeWitt, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 27, 2021

**On brief:** *Taft Stettinius & Hollister LLP,* and *Joseph C. Pickens*, for appellee. **Argued:** *Joseph C. Pickens.*

**On brief:** *Edward S. Brown*, for appellant. **Argued:** *Edward S. Brown.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, P.J.

{¶ 1} Defendant-appellant, Nicholas DeWitt, appeals the decision and entry of the Franklin County Court of Common Pleas granting the motion of plaintiff-appellee, Crosscut Capital, LLC ("Crosscut"), to compel discovery and denying DeWitt's motion to compel arbitration and stay proceedings. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} On June 4, 2019, Crosscut filed a complaint in the trial court asserting claims against DeWitt for breach of fiduciary duty and breach of operating agreement. In its complaint, Crosscut, an Arizona limited liability company, alleged that in 2015 it entered into an agreement with DeWitt, a resident of Franklin County, Ohio, to form WKND Property Group, LLC ("WKND") for the purpose of purchasing, rehabilitating, leasing, and

selling real estate. Crosscut attached documents purporting to be copies of WKND's Operating Agreement ("Agreement"), dated October 26, 2015, and a First Amendment to the Agreement, dated March 23, 2017. In addition to monetary damages, Crosscut sought declaratory judgment and injunctive relief.

{¶ 3} On July 1, 2019, DeWitt filed an answer and counterclaim for breach of contract seeking declaratory relief in addition to costs, attorney fees, expenses, and such other relief as may be appropriate. On July 2, 2019, DeWitt refiled his answer and counterclaim to which he attached exhibits that were not included in the July 1, 2019 answer and counterclaim. On July 30, 2019, Crosscut filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C) on DeWitt's counterclaim. On the same date, Crosscut filed an answer to DeWitt's counterclaim. On August 28, 2019, DeWitt filed a memorandum in opposition to Crosscut's motion for judgment on the pleadings. On September 3, 2019, Crosscut filed a reply in support of its motion for judgment on the pleadings in which it asserted that DeWitt's August 28, 2019 memorandum in opposition should be stricken as untimely.

{¶ 4} On September 5, 2019, Crosscut filed a motion for an order approving sale of real property. On September 19, 2019, DeWitt filed a memorandum in opposition to Crosscut's motion for an order approving sale of real property and motion for order to compel Crosscut to replace money removed against the terms of the Agreement. On September 26, 2019, Crosscut filed a reply in support of its motion for an order approving sale of real property. On October 10, 2019, DeWitt filed a reply in support of his motion for an order to compel Crosscut to replace money removed against the terms of the Agreement.

{¶ 5} On October 1, 2019, DeWitt filed his first set of interrogatories and requests for production of documents pursuant to Civ.R. 34 on Crosscut. On November 8, 2019, Crosscut filed notice that DeWitt's answers to Crosscut's requests for admissions were deemed admitted pursuant to Civ.R. 36. In the notice, Crosscut asserted that it served its requests for admissions on DeWitt on October 8, 2019, but had not received any response.

{¶ 6} On December 3, 2019, Crosscut filed a motion for an order to compel discovery. In its motion, Crosscut asserted it sought DeWitt's answers and responses to Crosscut's first set of interrogatories, requests for production of documents, and requests

for admissions, which it asserted was served on DeWitt on October 8, 2019. On December 18, 2019, DeWitt filed a motion to compel arbitration and stay proceedings. On December 24, 2019, Crosscut filed a memorandum in opposition to DeWitt's motion to compel arbitration and stay proceedings.

{¶ 7} On March 27, 2020, the trial court filed a decision and entry granting the motion of Crosscut to compel discovery and denying DeWitt's motion to compel arbitration and stay proceedings. On April 13, 2020, DeWitt filed a notice of appeal. On September 20, 2020, Crosscut filed a motion to supplement the record on appeal.

## II. Assignment of Error

{¶ 8} DeWitt assigns the following sole assignment of error for our review:

> The trial court abused its discretion and incorrectly interpreted the standard of review for denying a motion to compel an arbitration clause #78 of the Pleadings in the Record, Decision and Entry On Defendant's Motion To Compel Arbitration And/Or Stay Proceedings.

## III. Analysis

{¶ 9} In his sole assignment of error, DeWitt asserts the trial court abused its discretion and applied the incorrect standard of review in denying his motion to compel arbitration and stay proceedings.

## A. Applicable Law

{¶ 10} "Both the Ohio General Assembly and Ohio courts have expressed a strong public policy favoring arbitration." *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, ¶ 15, citing R.C. Chapter 2711. *See also Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, ¶ 27, quoting *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 471 (1998) (stating that "Ohio courts recognize a 'presumption favoring arbitration' that arises 'when the claim in dispute falls within the scope of the arbitration provision' "). " 'Arbitration is favored because it provides the parties thereto with a relatively expeditious and economical means of resolving a dispute.' " *Kelm v. Kelm*, 68 Ohio St.3d 26, 29 (1993), quoting *Schaefer v. Allstate Ins. Co.*, 63 Ohio St.3d 708, 712 (1992). "Arbitration also has the additional benefit of unburdening crowded court dockets." *Hayes* at ¶ 15, citing *Mahoning Cty. Bd. of Mental Retardation & Dev. Disabilities v. Mahoning Cty. TMR Edn.*

*Assn.*, 22 Ohio St.3d 80, 83 (1986). "In light of the strong presumption favoring arbitration, all doubts should be resolved in its favor." *Id.*, citing *Ignazio v. Clear Channel Broadcasting, Inc.*, 113 Ohio St.3d 276, 2007-Ohio-1947, ¶ 18.

{¶ 11} R.C. Chapter 2711 governs arbitration. R.C. 2711.01 provides that an arbitration agreement or provision in a written contract "shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract." *See Hayes* at ¶ 16. R.C. 2711.02(B) provides as follows:

> If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

Thus, a party to an arbitration agreement or provision may obtain a stay of litigation in favor of arbitration. *Pinnell v. Cugini & Cappoccia Builders, Inc.*, 10th Dist. No. 13AP-579, 2014-Ohio-669, ¶ 16. An order under R.C. 2711.02(B) that grants or denies a stay of a trial pending arbitration "is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code." R.C. 2711.02(C).

{¶ 12} As with any other contractual right, a party may waive the right to arbitrate. *Murtha v. Ravines of McNaughton Condominium Assn.*, 10th Dist. No. 09AP-709, 2010-Ohio-1325, ¶ 20, citing *Rock v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 79 Ohio App.3d 126, 128 (8th Dist.1992). In light of Ohio's public policy favoring arbitration, the party asserting waiver bears the burden of proof. *Morris v. Morris*, 189 Ohio App.3d 608, 2010-Ohio-4750, ¶ 17 (10th Dist.), citing *Murtha* at ¶ 20. Furthermore, a "court will not lightly infer waiver of a right to arbitrate." *Id.* at ¶ 18, citing *Harsco Corp. v. Crane Carrier Co.*, 122 Ohio App.3d 406, 415 (3d Dist.1997).

{¶ 13} A party asserting waiver must establish: (1) the waiving party knew of the right to arbitrate, and (2) under the totality of the circumstances, the waiving party acted inconsistently with that known right. *Pinnell* at ¶ 18; *Dispatch Printing Co. v. Recovery*

*Ltd. Partnership*, 10th Dist. No. 10AP-353, 2011-Ohio-80, ¶ 21. *See Morris* at ¶ 18, quoting *Harsco Corp.* at 414, quoting *Phillips v. Lee Homes, Inc.*, 8th Dist. No. 64353 (Feb. 17, 1994) (" ' "The essential question is whether, based on the totality of the circumstances, the party seeking arbitration has acted inconsistently with the right to arbitrate." ' "). In determining whether the totality of the circumstances supports finding that a party waived arbitration, a court may consider the following factors, in addition to any other relevant factors: "(1) whether the party seeking arbitration invoked the court's jurisdiction by filing a complaint or claim without first requesting a stay; (2) the delay, if any, by the party seeking arbitration to request a stay; (3) the extent to which the party seeking arbitration has participated in the litigation; and (4) whether prior inconsistent acts by the party seeking arbitration would prejudice the non-moving party." *Morris* at ¶ 18.

## B. Standard of Review

{¶ 14} The standard of review on appeal from an R.C. 2711.02(B) order granting or denying a stay pending arbitration depends on the nature of the issues raised on appeal. *Pinnell* at ¶ 17, citing *Dispatch Printing* at ¶ 17. *See Benfield* at ¶ 35; *Ignazio* at ¶ 19. We apply a de novo standard of review to a decision granting or denying a stay pending arbitration with regard to issues of contractual interpretation or statutory construction. *Dispatch Printing* at ¶ 17; *Morris* at ¶ 15, quoting *Hudson v. John Hancock Fin. Servs., Inc.*, 10th Dist. No. 06AP-1284, 2007-Ohio-6997, ¶ 8, citing *Peters v. Columbus Steel Castings Co.*, 10th Dist. No. 05AP-308, 2006-Ohio-382, ¶ 10 (stating that " '[a] trial court's decision granting or denying a stay of proceedings pending arbitration is * * * subject to de novo review on appeal with respect to issues of law, which commonly will predominate because such cases generally turn on issues of contractual interpretation or statutory application' ").

{¶ 15} However, where the issue is whether a party has waived arbitration, we apply an abuse of discretion standard due to the " ' "fact-driven" ' " nature of the inquiry. *Morris* at ¶ 17, quoting *Murtha* at ¶ 20, quoting *ACRS, Inc. v. Blue Cross & Blue Shield of Minnesota*, 131 Ohio App.3d 450, 456 (8th Dist.1998). Therefore, as the sole issue raised by DeWitt in this appeal turns on the question of waiver, we review the trial court's decision for abuse of discretion. An abuse of discretion occurs when a court's judgment is

unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## C. Analysis

{¶ 16} Here, DeWitt admits he knew of the right to arbitrate in the Agreement thereby satisfying the first factor in the test for waiver. However, DeWitt argues Crosscut did not establish the second factor by demonstrating he acted inconsistently with the right to arbitrate under the totality of the circumstances. DeWitt argues he never waived the arbitration clause because he timely filed the motion to compel arbitration and stay proceedings. Crosscut responds that: (1) DeWitt waived any right to arbitrate by filing an answer and counterclaim in which he failed to assert arbitration as a defense, (2) DeWitt waived any right to arbitrate by failing to assert any such right until December 18, 2019, (3) it will be prejudiced by an order compelling arbitration, and (4) the trial court correctly declined to sua sponte refer the parties to arbitration. Crosscut also asserts that DeWitt's assignment of error should be overruled for failing to comply with App.R. 12(A)(2). Finally, Crosscut asserts that sanctions pursuant to App.R. 23 are warranted.

{¶ 17} In denying DeWitt's motion to compel arbitration and stay proceedings, the trial court found DeWitt acted inconsistently with his right to arbitrate by filing an answer and counterclaim on July 2, 2019 in which he made no mention of the defense of arbitration or sought a stay of the proceedings. Furthermore, the trial court found DeWitt "extensively participated in the current litigation" beyond the filing of the answer and counterclaim by "actively participat[ing] in discovery" and responding to Crosscut's motions. (Mar. 27, 2020 Decision at 5.) As a result, the trial court found DeWitt's motion to compel arbitration and stay proceedings untimely.

{¶ 18} In support of his argument, DeWitt compares the matter at hand with our decision in *Murtha*. In that case, the trial court granted the defendants' motion to stay proceedings and to appoint an arbitrator. On review, we found the defendants' filing of an answer and counterclaim and participation in discovery to be inconsistent with a request for arbitration. Nevertheless, we found that the two-month delay between the filing of defendants' pleadings and their motion for a stay pending arbitration was a shorter period than in other, similar cases involving waiver. Furthermore, the plaintiff failed to

demonstrate prejudice in the defendants' delay in requesting arbitration. Ultimately, although we found the matter presented a "somewhat close question," we declined to find the trial court abused its discretion in determining that the totality of the circumstances supported a determination that the defendants did not waive their right to arbitration. *Id.* at ¶ 26.

{¶ 19} Here, under the first factor in the totality of the circumstances test, DeWitt filed an answer and counterclaim without first requesting a stay thereby indicating invocation of the trial court's jurisdiction. As in *Murtha*, this factor weighs in favor of finding waiver of arbitration. *Id.* at ¶ 23.

{¶ 20} Under the second factor, the record reflects DeWitt waited over six months from the filing of his answer and counterclaim before filing the motion to compel arbitration and stay proceedings. The trial court found DeWitt's motion to be untimely. Although substantially longer than the two-month delay between the filing of the answer and counterclaim in *Murtha*, DeWitt's delay is not as lengthy as some other cases in which courts have found waiver. *Compare Craver v. Tomsic*, 5th Dist. No. 13 CAE 11 0078, 2014-Ohio-2603, ¶ 23 (finding trial court did not abuse its discretion in concluding party did not waive right to arbitrate where less than 6 months passed between filing of complaint and filing of petition for arbitration, few proceedings had occurred, and no demonstration of prejudice); *Milling Away, L.L.C. v. Infinity Retail Environments, Inc.*, 9th Dist. No. 24168, 2008-Ohio-4691, ¶ 14 (trial court did not err in granting stay where motion to stay was filed 6 months after complaint, only minimal discovery was conducted, and no demonstration of prejudice); *Harsco Corp.* (finding trial court abused its discretion by finding waiver of right to arbitrate where motion to stay for arbitration was filed 3 months after answer, very limited discovery occurred, no third-party complaint or counterclaim was filed, arbitration was raised as affirmative defense in answer, and no demonstration of prejudice); *Stoner v. Salon Lofts, L.L.C.*, 10th Dist. No. 13AP-437, 2014-Ohio-796, ¶ 19 (trial court did not abuse its discretion in finding no waiver where request for stay was filed within 5 months of filing responsive pleading, several months before the discovery cut-off and before any dispositive motions were filed) *with Pinnell* at ¶ 20 (trial court did not abuse its discretion in finding waiver where 11 months passed between filing of answer and counterclaim and request for

stay); *Hunter v. Rhino Shield*, 10th Dist. No. 15AP-172, 2015-Ohio-4603, ¶ 20 (trial court did not err in finding waiver of arbitration where party waited 7 months to seek a stay after filing its original answer); *Glass v. Kindred Transitional Care & Rehab.*, 10th Dist. No. 15AP-940, 2016-Ohio-3188, ¶ 20 (trial court did not abuse its discretion finding party waived arbitration after waiting 1 year from the filing of the complaint to file a motion for stay pending arbitration); *Blue Technologies Smart Solutions, L.L.C. v. Ohio Collaborative Learning Solutions, Inc.*, 8th Dist. No. 108535, 2020-Ohio-806, ¶ 22 (trial court did not abuse its discretion in finding waiver where defendants waited 7 months to seek a stay for arbitration). Under the circumstances present in this case, we cannot find the trial court erred in considering DeWitt's motion to compel arbitration and stay proceedings to be untimely.

**{¶ 21}** Under the third factor, the record reflects DeWitt participated in the litigation not only by filing an answer and counterclaim, but also by filing a motion to compel on September 19, 2019, a first set of interrogatories and requests for production of documents pursuant to Civ.R. 34 on October 1, 2019, and various responses to Crosscut's motions. *See Hunter* at ¶ 23 (stating that the "appellant's filing of opposing memoranda to appellees' motions to compel and to amend their complaint, appellant's request for a protective order, and appellant's participation in the scheduling of depositions" were factors "militat[ing] against a stay of the case pending arbitration"). Thus, the record supports the trial court's finding that DeWitt "extensively participated" in the litigation of this matter. (Mar. 27, 2020 Decision at 5.) As a result, we find this factor weighs in favor of finding DeWitt acted inconsistently with the right to arbitrate.

**{¶ 22}** Next, we consider under the fourth factor whether prior inconsistent acts by the party seeking arbitration would prejudice the non-moving party. Crosscut argues it would be prejudiced by granting DeWitt's motion to compel arbitration and stay proceedings because there has been significant activity in the current litigation and DeWitt has benefitted from the open discovery process in the trial court under the Ohio Rules of Civil Procedure while refusing to respond to any of Crosscut's discovery requests. As noted in our discussion of the prior factors, the parties engaged in litigation of the present matter extensively prior to DeWitt's motion to compel arbitration and stay proceedings. However,

here, the trial court did not make a finding with regard to prejudice on this factor; therefore, we decline to find for the first time on appeal that Crosscut has suffered prejudice. Nevertheless, we recognize that no one factor is determinative of the question of whether the party seeking arbitration has acted inconsistently with the right to arbitrate, under the facts and circumstances of this case. *See Pinnell* at ¶ 20 (stating that "no one factor is controlling in a totality of the circumstances analysis" of the question of waiver).

{¶ 23} Finally, we note that DeWitt, despite his admission that he was aware of the right to arbitrate, did not include the right to arbitrate as an affirmative defense in his answer. Although it is not necessary to affirmatively plead arbitration as a defense in order to avoid waiver, the failure to plead such right may be considered as a factor under the totality of the circumstances. *See Hunter* at ¶ 22 (stating that the "absence of the defense" of arbitration "contributes to the overall analysis" of whether the party waived arbitration); *Zellner v. Prestige Gardens Rehab. & Nursing Ctr.*, 3d Dist. No. 14-18-14, 2019-Ohio-595, ¶ 35 (stating that "[a]lthough a party is not required to affirmatively plead the right to arbitrate in order to preserve the right, doing so is a factor that weighs against a finding of waiver"); *U.S. Bank Natl. Assn. v. Allen*, 3d Dist. No. 11-15-09, 2016-Ohio-2766, ¶ 18; *Blue Technologies Smart* at ¶ 22 (noting the defendants filed two answers and a counterclaim without seeking a stay or including the right to arbitrate as an affirmative defense); *Donnell v. Parkcliffe Alzheimer's Community*, 6th Dist. No. WD-17-001, 2017-Ohio-7982, ¶ 23 (noting arbitration was raised as an affirmative defense in party's answer); *Hudson v. Ernst & Young, L.L.P.*, 189 Ohio App.3d 60, 2010-Ohio-2731, ¶ 37 (10th Dist.), quoting *Atkinson v. Dick Masheter Leasing II, Inc.*, 10th Dist. No. 01AP-1016, 2002-Ohio-4299, ¶ 23 (recognizing that " 'an arbitration defense, pursuant to R.C. 2711.02, *should* be affirmatively pled' "). (Emphasis sic.) Therefore, we find DeWitt's failure to include the right to arbitrate in his answer despite his admitted knowledge of such right to be a factor in support of finding waiver.

{¶ 24} Having reviewed the totality of the circumstances, considering Ohio's public policy favoring arbitration, and mindful of the standard of review, we cannot find the trial court abused its discretion by concluding DeWitt waived his right to arbitrate. Accordingly, we overrule DeWitt's sole assignment of error.

## D. Crosscut's Motion and Requests

{¶ 25} Finally, we address Crosscut's motion to supplement the record, request to disregard DeWitt's assignment of error pursuant to App.R. 12(A)(2) for failure to comply with App.R. 16(A) and Loc.R. 8(A), and request for an award of attorney fees pursuant to App.R. 23. First, we address Crosscut's motion to supplement the record. As Crosscut's motion to supplement the record is unnecessary to resolve the question on appeal, we deny Crosscut's motion to supplement the record as moot. Next, we deny Crosscut's request to disregard DeWitt's assignment of error pursuant to App.R. 12(A)(2).

{¶ 26} Finally, we address Crosscut's request in their brief for sanctions pursuant to App.R. 23. Pursuant to App.R. 23, if a court of appeals finds an appeal to be frivolous, it may require the appellant to pay the appellee's reasonable expenses, including attorney fees and costs. "An appeal is frivolous if it presents no reasonable question for review." *Bonn v. Bonn*, 10th Dist. No. 14AP-967, 2015-Ohio-3642, ¶ 29. "The purpose of sanctions under App.R. 23 is to compensate the non-appealing party for the expense of having to defend a spurious appeal and to help preserve the appellate calendar for cases worthy of consideration." *Smith-Evans v. Lavelle*, 10th Dist. No. 09AP-787, 2010-Ohio-1074, ¶ 15. We decline to find sanctions under App.R. 23 are warranted in this matter.

## IV. Conclusion

{¶ 27} Having overruled DeWitt's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Motions denied;*
*judgment affirmed.*

SADLER and BEATTY BLUNT, JJ., concur.

_____