[Cite as *Janssen v. Fluent Solar, L.L.C.*, 2024-Ohio-1697.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Anita Janssen, | : | |
| Plaintiff-Appellee, | : | No. 23AP-507 |
| | | (C.P.C. No. 23CV-99) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Fluent Solar, LLC, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 2, 2024

**On brief:** *Kohl & Cook Law Firm, Jacob R. Dattilo, Timothy J. Cook*, and *Sean M. Kohl*, for appellee.

**On brief:** *Mac Murray & Schuster, LLP, Helen Mac Murray*, and *Erica Hollar*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

MENTEL, P.J.

{¶ 1} Defendant-appellant, Fluent Solar, LLC ("Fluent Solar"), appeals from a July 21, 2023 decision and entry of the Franklin County Court of Common Pleas denying its motion to compel arbitration and to stay proceedings pending arbitration. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} This matter originates from a contract between plaintiff-appellee, Anita Janssen, and Fluent Solar for the installation of solar panels. As part of the contract, the parties resolved to address any claims under the agreement with the American Arbitration Association ("AAA"). (Jan. 5, 2023 Compl., Ex. A at 5.) According to Janssen, a dispute arose when Fluent Solar failed to install the panels in a workmanlike manner resulting in damage to her home.

{¶ 3} On September 12, 2022, Janssen filed her claim and demand for arbitration with AAA. (Jan. 5, 2023 Compl., Ex. C.) The demand for arbitration was filed against Fluent Solar and was addressed to its statutory agent, "Corporation Service Company ('CSC'), 3366 Riverside Dr., Suite 103." (Jan. 5, 2023 Compl., Ex. C.) On September 26, 2022, prior counsel for Fluent Solar, Justin James, emailed Janssen's counsel indicating that he was "retained to represent Fluent in Ms. Janssen's arbitration demand." (June 29, 2023 Janssen's Memo Contra, Ex. C.) James requested Janssen's counsel "send all future correspondences to [him]" and asked if a case number had been assigned to the matter. (June 29, 2023 Janssen's Memo Contra, Ex. C.) Janssen's counsel replied, writing that while a demand was filed, AAA had not yet assigned a case number. (June 29, 2023 Janssen's Memo Contra, Ex. C.)

{¶ 4} By letter dated October 10, 2022, AAA notified Fluent Solar that Janssen had filed a demand for arbitration, and that she had paid her portion of the filing fee. AAA noted "[s]o that the filing requirements are complete, the business is requested to submit filing fees of $300, the expedited consumer clause review fee of $250 and its arbitrator's compensation deposit of $2,500 totaling $3,050" no later than October 24, 2022. (Emphasis omitted.) (June 29, 2023 Janssen's Memo Contra., Ex. D.) The letter was addressed to Fluent Solar's statutory agent, CSC. By way of letter dated October 25, 2022, AAA notified Fluent Solar that it had not received the requisite filing fees by the October 24, 2022 deadline, and it had until November 8, 2022 to remit payment. (June 29, 2023 Janssen's Memo Contra., Ex. E.) AAA cautioned that if it failed to pay by the revised deadline, AAA could decline to arbitrate the claim and, pursuant to its Consumer Arbitration Rules, the parties could submit their dispute to the appropriate court for resolution. On October 28, 2022, James emailed Janssen's attorney inquiring about the nature of the claim and the alleged monetary damages. Janssen's counsel provided the requested information that same day. (June 29, 2023 Janssen's Memo Contra., Ex. C.) By way of letter dated November 16, 2022, AAA advised Fluent Solar that, based on its failure to pay the required fees, AAA declined to arbitrate the case and either party may bring its claim to the appropriate court. (June 29, 2023 Janssen Memo Contra., Ex. F.)[1]

---

[1] AAA authenticated the three letters as business records. (June 29, 2023 Janssen's Memo Contra., Ex. G.)

{¶ 5}   On January 5, 2023, Janssen filed a complaint in the Franklin County Court of Common Pleas.  Janssen asserted causes of action for violation of the Ohio Consumer Sales Practices Act (Count One); breach of contract (Count Two); breach of express warranty (Count Three); and negligence (Count Four).  Service was complete by certified mail on January 11, 2023.  On March 22, 2023, Fluent Solar filed a combined motion to compel arbitration and to stay the case pending arbitration.  A corrected motion was filed on April 5, 2023.  After a brief extension of time to conduct discovery, Janssen filed a memorandum in opposition on June 29, 2023.  Fluent Solar did not file a reply brief.

{¶ 6}   On July 21, 2023, the trial court issued a decision and entry in this matter denying Fluent Solar's motion to compel arbitration and to stay proceedings pending arbitration.  The trial court concluded that Fluent Solar had waived its right to arbitrate the claims asserted in Janssen's complaint.

{¶ 7}   Fluent Solar filed a timely appeal.

## II.  ASSIGNMENT OF ERROR

{¶ 8}   Fluent Solar assigns the following as trial court error:

> The trial court erred by finding that Fluent Solar, LLC waived its contractual right to arbitrate the claims asserted in this matter by Anita Janssen.

## III. STANDARD OF REVIEW

{¶ 9}   A trial court's resolution whether to grant or deny a motion to compel arbitration and stay proceedings pending arbitration turns on the nature of the issues in the case.  *Hunter v. Rhino Shield*, 10th Dist. No. 15AP-172, 2015-Ohio-4603, ¶ 17, citing *Pinnell v. Cugini & Cappoccia Builders, Inc.*, 10th Dist. No. 13AP-579, 2014-Ohio-669, ¶ 17.  In cases involving whether a party waived its right to arbitrate, an appellate court considers a trial court's judgment under an abuse of discretion standard of review because the determination of the waiver issue requires a fact-intensive analysis.  *Kevin O'Brien & Assocs. Co., L.P.A. v. E. Worthington, LLC*, 10th Dist. No. 22AP-700, 2023-Ohio-3494, ¶ 11, citing *Boggs v. Columbus Steel Castings Co.*, 10th Dist. No. 04AP-1239, 2005-Ohio-4783, ¶ 5, citing *Tinker v. Oldaker*, 10th Dist. No. 03AP-671, 2004-Ohio-3316, ¶ 5; *see also Fravel v. Columbus Rehab. & Subacute Inst.*, 10th Dist. No. 15AP-782, 2015-Ohio-5125, ¶ 9, citing *Hunter* at ¶ 17, citing *Pinnell* at ¶ 17; *Morris v. Morris*, 189 Ohio App.3d 608, 2010-Ohio-4750, ¶ 17 (10th Dist.).  We will not reverse a trial court's decision under

an abuse of discretion analysis absent a showing that the decision was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St. 3d 217, 219 (1983).

## IV. LEGAL ANALYSIS

### A. Appellant's Sole Assignment of Error

{¶ 10} In Fluent Solar's sole assignment of error, it argues the trial court abused its discretion by finding that it waived its contractual right to arbitrate the claims asserted in this matter.

{¶ 11} Ohio courts have long recognized that Ohio public policy favors arbitration as an alternative means of dispute resolution. *Fries v. Greg G. Wright & Sons, LLC*, 1st Dist. No. C-160818, 2018-Ohio-3785, ¶ 18, citing *Schaefer v. Allstate Ins. Co.*, 63 Ohio St.3d 708, 711-12 (1992); *ABM Farms, Inc. v. Woods*, 81 Ohio St.3d 498, 500 (1998). " 'Arbitration is favored because it provides the parties thereto with a relatively expeditious and economical means of resolving a dispute.' " *Kelm v. Kelm*, 68 Ohio St.3d 26, 29 (1993), quoting *Schaefer* at 708, 712. R.C. 2711.01 directs that an arbitration provision in a written contract " 'shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract.' " *Crosscut Capital, LLC v. DeWitt*, 10th Dist. No. 20AP-222, 2021-Ohio-1827, ¶ 11, quoting R.C. 2711.01(A); *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, ¶ 16. R.C. 2711.02(B) provides:

> If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

{¶ 12} Thus, a party wishing to enforce an arbitration agreement may seek a stay of litigation in favor of arbitration. Such orders that grant or deny a stay of trial pending arbitration constitute a final order and "may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code." R.C. 2711.02(C).

{¶ 13} However, the right to arbitrate, much like any other contractual right, may be waived. *Pinnell* at ¶ 17; *Dispatch Printing Co. v. Recovery Ltd. Partnership*, 10th Dist. No. 10AP-353, 2011-Ohio-80, ¶ 19. To be sure, a determination that a contractual right

to arbitrate has been waived should not be done so lightly. *Fravel* at ¶ 9, citing *Morris* at ¶ 18. A party asserting that a contractual arbitration provision was waived must establish that the waiving party knew of the existing right to arbitrate and, based on the totality of the circumstances, acted inconsistent with that right. *Kevin O'Brien & Assocs.* at ¶ 31, citing *Stoner v. Salon Lofts, L.L.C.*, 10th Dist. No. 13AP-437, 2014-Ohio-796, ¶ 16, quoting *Dispatch Printing Co.* at ¶ 21, citing *Murtha v. Ravines of McNaughton Condo. Assn.*, 10th Dist. No. 09AP-709, 2010-Ohio-1325, ¶ 21; *Blackburn v. Citifinancial, Inc.*, 10th Dist. No. 05AP-733, 2007-Ohio-1463, ¶ 17; *Hunter* at ¶ 16. To determine whether the totality of circumstances supports a finding of waiver, a reviewing court may consider such factors as: "(1) whether the party seeking arbitration invoked the court's jurisdiction by filing a complaint or claim without first requesting a stay; (2) the delay, if any, by the party seeking arbitration to request a stay; (3) the extent to which the party seeking arbitration has participated in the litigation; and (4) whether prior inconsistent acts by the party seeking arbitration would prejudice the non-moving party." (Further citations omitted.) *Kevin O'Brien & Assocs.* at ¶ 31; *see also Crosscut Capital, LLC* at ¶ 13.

{¶ 14} Appellant argues there is no basis to find that it knowingly waived its right to arbitrate. (Appellant's Brief at 15.) Appellant cites our decision in *Tinker* supposedly for the proposition that "[u]nless the court determines with a *high degree of certainty* that the parties *knowingly* waived their contractual rights to arbitrate, an agreement to arbitrate should be enforced." (Emphasis sic.) (Appellant's Brief at 14.)

{¶ 15} After a careful review of the record, it is apparent that Fluent Solar knew of the arbitration provision as well as its right to arbitrate. The agreement is a standard form contract titled, "Solar Energy System Purchase Agreement." (Jan. 5, 2023 Compl., Ex. A.) As the agreement was provided by Fluent Solar, it is highly doubtful it was not aware of their own arbitration provision. Moreover, based on prior counsel's September 26, 2022 email, Fluent Solar was aware of the arbitration provision as well as Janssen's arbitration demand. Fluent Solar's claim that an arbitration provision should be enforced "[u]nless a court determines with a high degree of certainty that the parties knowingly waived their contractual rights to arbitrate" is in no way supported by our decision in *Tinker*. (Emphasis omitted.) (Appellant's Brief at 14.) The *Tinker* court wrote that, when resolving whether a party has waived arbitration, a court considers whether, "(1) the waiving party knew of the

existing right to arbitrate; and (2) the totality of the circumstances demonstrate the party acted inconsistently with the known right." *Tinker* at ¶ 19. The phrase concerning whether a party "knew of the existing right" refers to a party's knowledge of the arbitration provision, not, as Fluent Solar claims, a knowing waiver of said right. *See, e.g., Dispatch Printing Co.* at ¶ 22 (concluding "first prong (i.e., awareness of the arbitration clause) to be beyond dispute as appellants had repeatedly cited over the years portions of the agreement."); *Lovano v. Setjo, LLC,* 8th Dist. No. 111666, 2023-Ohio-461, ¶ 18 (finding the "subject arbitration agreement is part of the contract that [appellant] unilaterally prepares and presents to its customer in its sale and financing of motor vehicles. Accordingly, [appellant] was well aware that any dispute regarding the transaction was covered by the arbitration agreement."). Fluent Solar's attempt to distort the above test to require a knowing waiver, instead of a party's knowledge of an existing right to arbitrate, is disingenuous at best. The question becomes whether Fluent Solar, based on the totality of the circumstances, waived the ability to arbitrate by acting inconsistent with that right.

{¶ 16} There are several factors the trial court cited in support of its determination that Fluent Solar acted inconsistent with its right to arbitrate. Most notably, the trial court found Fluent Solar was aware of the demand for arbitration through service on its statutory agent, CSC. The trial court went on to note that, despite multiple letters from AAA, Fluent Solar failed to pay the required fees to AAA to administer the dispute. While Fluent Solar asserts it was not aware of the claim, the trial court concluded that the demand and letters from AAA were properly served on CSC. As cited by the trial court, per R.C. 1706.09(A), a foreign limited liability company must continuously maintain in this state an agent for service of process on the company. "Any legal process, notice, or demand required or permitted by law to be served upon a limited liability company may be served upon the company * * * [b]y delivering a copy of the process, notice, or demand to the address of the agent in this state as contained in the records of the secretary of state." R.C. 1706.09(H)(1)(a). " 'When the Civil Rules on service are followed, there is a presumption of proper service.' " *Howard v. Mgt. & Training Corp.*, 10th Dist. No. 21AP-283, 2022-Ohio-4071, ¶ 13, quoting *Rogers v. United Presidential Life Ins. Co.*, 36 Ohio App.3d 126, 128 (10th Dist.1987). The trial court cited these provisions to support its determination that Fluent Solar was on notice of the arbitration demand through service on CSC.

{¶ 17} Upon review, we find the trial court's examination under the totality of the circumstances analysis reasonable. There is no dispute that CSC is the statutory agent for Fluent Solar in Ohio. (June 29, 2023 Memo Contra, Ex. B, Jared Hunsaker Dep. at 10, 21.) The issue appears to be a failure in procedure between CSC and Fluent Solar as to the timely production of correspondence. Indeed, Jared Hunsaker, Chief Legal Officer and Vice President of Human Resources, acknowledged as much during his deposition testimony stating that Fluent Solar has had issues receiving mail from CSC. (June 29, 2023 Memo Contra, Ex. B, Jared Hunsaker Dep. at 17, 21.) "And we don't get a lot of mail from [CSC]. We get some, but there's definitely a lot we don't get that I find out about later. So, I would say that's the general course of business. But, there's definitely some mistakes that are happening where we're not getting, you know, all the mail that they should be sending to us." (June 29, 2023 Memo Contra, Ex. B, Jared Hunsaker Dep. at 21.)

{¶ 18} Fluent Solar argues "the trial court ignored the rebuttable presumption that Fluent was aware of the arbitration demand based on the fact it was sent to the statutory agent, [CSC]." (Appellant's Brief at 11.) We disagree. The trial court extensively examined the issue of notice in its July 2023 decision. Based on the letters from AAA, as well as supporting documentation and deposition testimony, we agree with the trial court's determination that Fluent Solar was on notice of the arbitration demand through CSC. While James' affidavit states that he did not receive any correspondence from AAA, Fluent Solar fails to address whether its statutory agent received such documents. Had Fluent Solar selected a better statutory agent, or more importantly, had a better procedure in place for receiving correspondence at the statutory agent's address, the mishandling of the letters from AAA could have been avoided. *See John W. Judge Co. v. United States Freight, LLC*, 2d Dist. No. 27708, 2018-Ohio-2658, ¶ 28. Moreover, it is apparent from James' email communication with Janssen's counsel that he was aware a demand for arbitration had been filed. Yet, Hunsaker testified that he did not find anything through email that prior counsel had contacted AAA. (June 29, 2023 Memo Contra, Ex. B, Jared Hunsaker Dep. at 15.)

{¶ 19} Fluent Solar also contends there was no delay in its request to arbitrate as prior counsel "contacted Appellee's counsel immediately after receiving a copy of what appeared to be an unfiled demand for arbitration." (Appellant's Brief at 16.) Fluent Solar

then places the blame on opposing counsel positing that it is their duty to "communicate with opposing party's attorney once they know that the party is represented." (Appellant's Brief at 17.) We find these arguments regarding opposing counsel's duty to communicate to be without merit. The issue in this case is not communication between the parties but Fluent Solar's failure to communicate with AAA concerning the demand for arbitration. Nothing relieves Fluent Solar's counsel of its responsibility to follow up with AAA as to potential arbitration demands. *Lovano* at ¶ 19 ("Whether [defendant] received or did not receive subsequent documentation from the AAA or communication from the [plaintiff's] attorney did not excuse [defendant] from its duty to follow up on the matter."). Fluent Solar also argues that it made contact with Janssen's counsel with "what appeared to be an unfiled demand for arbitration." (Appellant's Brief at 16.) Fluent Solar's contention that the demand for arbitration was unfiled is directly contradicted by Hunsaker's deposition testimony that prior counsel was on notice that the arbitration demand had been filed.

> [JANSSEN'S COUNSEL]: And Mr. James did say that Timothy Cook let him know the arbitration demand was filed with the AAA; correct?
>
> [HUNSAKER]: Yeah. He said filed with the AAA.

(June 29, 2023 Memo Contra, Ex. B, Jared Hunsaker Dep. at 26.) Hunsaker even acknowledged that opposing counsel has no influence on its communications with AAA stating, "[opposing counsel] could definitely let you know if, you know, the AAA sends them notice or updates them on the case. But, * * * they wouldn't have any influence on what the AAA does." (June 29, 2023 Memo Contra, Ex. B, Jared Hunsaker Dep. at 25-26.)

{¶ 20} Appellant asserts two additional arguments for the first time in this appeal. First, Fluent Solar argues that per the contract, Janssen was required to provide notice not to CSC but "to the person identified in this Agreement at the addresses set forth in this Agreement or such other addresses as either party may specify in writing." (Appellant's Brief at 18.) Fluent Solar contends under the contract, Janssen was required to send notice or the demand for arbitration to its Utah address. (Appellant's Brief at 18.) Second, Fluent Solar argues that Janssen was required to pay all the filing fees per the terms of the contract. (Appellant's Brief at 9, 15.) Upon review, any argument by Fluent Solar concerning the notice provision under the contract was not raised in the April 5, 2023 motion to compel. Similarly, while the filing fee provision, as part of the entire arbitration clause, was included

in the motion, any contention that Janssen was responsible for the entire filing fee is also absent from the April 5, 2023 filing. It is well settled that an appellant may not assert a new argument for the first time on appeal. "A party who fails to raise an argument in the trial court waives his or her right to raise the argument on appeal." *Harris v. Columbus*, 10th Dist. No. 15AP-792, 2016-Ohio-1036, ¶ 28, citing *Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 2009-Ohio-3626, ¶ 34. As such, insofar as Fluent Solar attempts to assert additional arguments in this appeal, those arguments are waived.

{¶ 21} Arguendo, even if these arguments were preserved, it is certainly reasonable for the trial court to have found that Fluent Solar acted inconsistent with its right to arbitrate. While the contract refers to "notices under this [a]greement" and that it should be sent "at the addresses set forth in this [a]greement or such other address as either party may specify in writing," the type of "notice" is not defined in the contract. Similarly, no address was provided under this particular section of the contract. (Jan. 5, 2023 Compl., Ex. A at 6-7.) The absence of an address in the above provision is in stark contrast to other sections of the contract, such as the "notice of cancellation" and "limited warranty," which include an address to deliver notice. (Jan. 5, 2023 Compl., Ex. A at 2, 8, 14.) Fluent Solar's brief fails to adequately examine why it failed to make any efforts to communicate with AAA when it was aware of Janssen's demand or why CSC is not a viable alternative form of notice. Fluent Solar has acknowledged CSC operated as its statutory agent in this case. (June 29, 2023 Memo Contra, Ex. B, Jared Hunsaker Dep. at 10, 21.) A "statutory agent," by definition, is "[a]n agent designated by law *to receive litigation documents and other legal notices for a nonresident corporation.*" (Emphasis added.) *Black's Law Dictionary* 78 (10th Ed.2014). Given these facts, the trial court's determination that service of the AAA demand on the statutory agent, CSC, provided notice was reasonable and not an abuse of discretion.

{¶ 22} As for the argument concerning filing fees, we are not persuaded that this provision demonstrates Fluent Solar acted consistent with its right to arbitrate. First, there is no evidence that Fluent Solar broached this issue with AAA or Janssen at any point. If Fluent Solar, at the time the demand was filed, had concerns over its responsibility for the filing fees it surely would have raised the issue with AAA or Janssen's counsel. Furthermore, even if Janssen was responsible for the entirety of the filing fees, Fluent Solar

still failed to pay AAA fees associated with the expedited consumer clause review fee and its arbitrator's compensation deposit.

{¶ 23} Finally, Fluent Solar argues it acted consistent with its right to arbitrate because it did not file pleadings or various motions with the court but only sought to compel arbitration. (Appellant's Brief at 17.) Fluent Solar also contends that Janssen will suffer no prejudice from staying the case and proceeding with arbitration. (Appellant's Brief at 18.) We find both arguments equally unavailing. While it is true that Fluent Solar did not file pleadings or various motions with the court but only sought to compel arbitration, they failed to make any efforts with AAA to assert their right to arbitrate and ignored the complaint for months until they ultimately filed the motion to arbitrate the claim. Concerning the risk of prejudice, it is important to consider the timeline of events in this case. The events at issue began in the fall of 2021. The initial demand for arbitration was filed with AAA in September 2022. When Fluent Solar failed to pay the requisite fees, Janssen filed her complaint on January 5, 2023. Fluent Solar waited months after the complaint was filed before finally moving to compel arbitration and to stay proceedings pending arbitration. Janssen is now several years removed from when the alleged damages took place. Accordingly, we agree with the trial court that any further delay in this case would result in prejudice to the nonmoving party, Janssen. Appellant's sole assignment of error is overruled.

## V. CONCLUSION

{¶ 24} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

JAMISON and BOGGS, JJ., concur.

————————————